### 46115. RUPEE v. MOBILE HOME BROKERS, INC.

QUILLIAN, Judge. Appellant, plaintiff in the court below, brought suit for damages against appellees for personal injuries which he suffered when he slipped in the shower of a mobile home manufactured by the defendant Guerdon Industries (hereinafter referred to as Guerdon), a foreign corporation, and sold to him by Mobile Home Brokers, Inc. (hereinafter referred to as Mobile Home), successors to A. B. C. Mobile Homes, Quality Mobile Home Brokers, Inc., and Mobile Home Brokers, Inc. His petition alleges that the injuries were caused by the negligence of the defendants in manufacturing and selling a mobile home with a dangerous latent defect.

Defendant Guerdon filed its answer setting up a defense that it had not been properly served, that the complaint failed to state a cause of action and generally denying the allegations of negligence on its part. The remaining defendants admitted the sale of the mobile home to plaintiff but generally denied all his allegations of negligence and further defended on the grounds that no legal duty to plaintiff had been breached by them and if it had the plaintiff was contributorily negligent.

Defendant Guerdon moved to quash service on the ground that the person served was not an agent or representative upon whom service could be perfected. This motion was supported by

an affidavit. All defendants moved for summary judgment alleging that there was no genuine issue of material fact as to their liability, that they were entitled to a summary judgment as a matter of law based upon the pleadings and the deposition of plaintiff.

After a hearing the court sustained the motion of Guerdon to quash, declared its motion for summary judgment moot and sustained the remaining defendants' motion for summary judgment. The plaintiff filed an appeal and the case is here for review. *Held:*

1. In his deposition the plaintiff stated that what caused him to fall was that he slipped or lost his balance, that as he fell he reached out to catch hold and grabbed a sharp metal edge which cut his fingers. The plaintiff argues that the mobile home contained a dangerous latent defect and that the defendants would be liable either on the theory of negligence or implied warranty.

The defendant Mobile Home was only a vendor of the mobile home which was manufactured by Guerdon. "It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article, purchased and sold by him, for the purpose of discovering *latent or concealed defects,* but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. *In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury."* (Emphasis supplied.) *Washburn Storage Co. v. General Motors Corp.,* 90 Ga. App. 380, 384 (83 SE2d 26). It is thus apparent that the defendant Mobile Home would not be liable for negligence. Furthermore, the plaintiff could not recover based on implied warranty under *Code Ann.* § 109A-2—314 (Ga. L. 1962, pp. 156, 189). In Myers v. Montgomery Ward & Co., 253 Md. 282 (252 A2d 855), it was held that an implied warranty on the sale of a rotary power mower was only that the

mower was fit to cut grass safely when it was used in a normal manner and not that the plaintiff, seeking to recover damages from the manufacturer and seller, would not be injured when he fell on a slope and his foot slipped under the mower. The granting of the defendant Mobile Home's motion for summary judgment was not error.

2. The appellant contends that the court erred in granting Guerdon's motion to quash service. The deputy sheriff's entry of service shows that copy of summons and complaint were served upon Guerdon by serving same upon its agent, William A. Harrison. This defendant moved to quash service because William A. Harrison was not its agent. The only evidence offered to support the motion to quash on this point was the affidavit of one W. J. Harriss, who deposed that William A. Harrison was not an agent of and had no connection with Guerdon Industries. However, the affidavit did not disclose what connection, if any, Harriss had with the defendant Guerdon. In this situation the burden was on the defendant to come forward with evidence sufficient to show that the person served was not indeed its agent. It did not carry that burden. "A return of service entered upon a declaration is not conclusive as to the facts therein recited. It may be traversed and impeached by proof that it is untrue. It is of itself, however, evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78). The entry of service of the sheriff or his deputy imports verity. *Williams v. Atlanta Nat. Bank*, 31 Ga. App. 212, 219 (120 SE 658); *Burger v. Dobbs*, 87 Ga. App. 88, 92 (73 SE2d 75). The granting of the motion to quash service was error.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Evans, J., concur.*

SUBMITTED APRIL 7, 1971—DECIDED JUNE 21, 1971.

*Wraggs & Wraggs,* for appellant.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellees.