### 46464. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. PRITCHETT et al.

EBERHARDT, Judge. A declaratory judgment action was brought by State Farm for the purpose of having the question of coverage adjudicated. Service on the petition was acknowledged by the plaintiffs in a pending damage action, but they would not agree to a restraining of the parties to the damage action from proceeding with it without a hearing. Counsel for plaintiffs in the damage action wrote to counsel for State Farm informing him that service on the petition for declaratory judgment action had been acknowledged and filed, but that a hearing on the application for a restraining order should be had, and that "we presume this matter is in order to set a date for a hearing."

Nothing was done about setting a hearing on the matter, and the defendants in the declaratory judgment action neglected to file any defensive pleadings until well beyond the time required by *Code Ann.* § 81A-104 (d) (1), when they paid the costs and petitioned the court to open the default and allow them to plead, asserting that they had a meritorious defense and were now ready to plead and to proceed with a trial. A hearing was held on this application and an order was entered opening the default. Obtaining a certificate for review, State Farm appeals. *Held:*

The Pritchetts sought to open the default because of excusable neglect, which consisted only of an impression of their counsel that the filing of defensive pleadings would not be necessary, or required, until a hearing was set on the application for a restraining order. It is conceded that counsel for State Farm neither did nor said anything calculated to convey such an impression, and that there was no agreement between counsel for any extension of time for the filing of defensive pleadings.

Under the showing made it does not appear that there was a basis for finding of excusable neglect in the delay of filing defensive pleadings. *Ezzard v. Morgan,* 118 Ga. App. 50 (3) (162 SE2d 793).

It is true that the statute provides for the opening of a default by the trial judge as a matter of discretion, and that his discretion is greater before a default judgment is entered than afterwards (*Strickland v. Galloway,* 111 Ga. App. 683, 685 (143 SE2d 3)) but his discretion is a legal one (*Snow v. Conley,* 113 Ga. App. 486 (148 SE2d 484)), and in the absence of a showing of facts upon which a finding of providential cause or of excusable neglect could be made, it is generally an abuse of discretion to open the default. *Jordan v. Clark,* 119 Ga. App. 18 (165 SE2d 922). We would affirm the opening of the default if there were any basis for sustaining it, but we can find no basis, under these facts, for doing so. Cf. *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539), reversing *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 202 (170 SE2d 249).

*Judgment reversed. Jordan, P. J., and Hall, P. J., concur. Whitman, J., not participating.*

ARGUED SEPTEMBER 16, 1971—DECIDED NOVEMBER 10, 1971.

*Divine, Busbee & Wilkin, George D. Busbee,* for appellant.
*Myers & Parks, John R. Parks, William E. Smith,* for appellees.