## 48649. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. DENSLEY.

STOLZ, Judge. This is an appeal from a judgment of the Superior Court of Baldwin County, via certificate for immediate review, denying the defendant's motion to open default. This action is one by the beneficiary husband against the defendant insurer to recover double indemnity under his wife's life insurance policy for her alleged accidental death plus attorney fees for bad faith. *Held:*

1. The defendant contends that it was prevented from determining the amount of its liability under the insurance policy because of the plaintiff's delay in authorizing the release to the defendant of "medical information" relating to the cause of the insured's death. We disagree. Even assuming that the insured's death

certificate was insufficient for the defendant to determine its liability under the policy, the plaintiff's alleged delay in authorizing the release to the defendant of "medical information," is not "providential cause preventing the filing of a plea" or "excusable neglect." Code Ann. § 81A-155 (b) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). The trial judge did not abuse his discretion in denying the defendant's motion to open the default.

2. Even assuming the validity of the defense sought to be raised in the motion to dismiss (i. e., that any action on the policy should be brought by the assignee funeral home, rather than by the plaintiff assignor), this defense was waived by not having been timely filed (Code Ann. § 81A-112 (h) (2); Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), and could not be allowed filed after the motion to open the default was properly denied.

3. Accordingly, the judgment of the trial judge is affirmed and the case is returned to the trial court in order for the plaintiff to establish the amount of his unliquidated damages for attorney fees and for the entry of default judgment. See Code Ann. § 81A-155 (a).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
Submitted October 5, 1973 — Decided October 24, 1973.

*Whitman & Copelan, Jesse Copelan, Jr.,* for appellant.
*Eva L. Sloan,* for appellee.