## 48936. SECURITY MANAGEMENT COMPANY INC. v. KEASLER.

HALL, Presiding Judge.

On November 7, 1972, Security Management Co. Inc. ("Appellant") took a default judgment against Keasler for monies alleged to be due under an apartment lease contract, and on August 24, 1973, appellant instituted garnishment proceedings upon the judgment. Keasler then moved pursuant to Code Ann. § 46-410 to open the underlying default judgment and to set aside the garnishment, and his motion was granted following a hearing. Appellant brings this appeal with a certificate.

The testimony of Keasler at the hearing was that he was not served with process in the lease suit until more than 30 days after its filing; that he understood the statements of the complaint and process and thought his time for answering had already expired; that he telephoned the office of the attorney for appellant and asked to speak to the attorney or his partner; that a man's voice then came on the telephone and spoke to him about the lawsuit; that Keasler stated to him a meritorious defense to the action; that the man's voice said to call him back in a few days; that he did so and "he told me to forget it; it was too late then to do anything about it." Keasler testified that he did not remember the name of the person with whom he had spoken. Appellant's attorney responded to the testimony by testifying that he had never had such a conversation with Keasler, and that he had found no notes in his Keasler file indicating that anyone else in his office had done so.

1. There being no nonamendable defect appearing on the face of the record, the default judgment can not be set aside by motion under Code Ann. § 81A-160.

2. Code Ann. § 46-410 provides: "Where a plaintiff obtains a default judgment and seeks to enforce the judgment by garnishment of the wages or salary of any employee who has not had prior actual notice of the default judgment, a court may, upon proof of *excusable neglect* with respect to the default of answer to the complaint and within 15 days of the date of service of summons of garnishment upon a garnishee, vacate any

judgment of garnishment and the judgment on which the garnishment was based, provided, however, that the employee shall pay the court costs incurred under the judgment and garnishment and the motion to vacate is filed within two years of the date of the default judgment." (Emphasis supplied.)

"'Excusable neglect' does not mean gross negligence. It does not mean a willful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to anwer." *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245). "It has been defined as 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" *Ezzard v. Morgan,* 118 Ga. App. 50, 53 (162 SE2d 793). The appellate courts have strictly construed this test. See *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539); *State Farm Mutual Automobile Ins. Co. v. Pritchett,* 124 Ga. App. 815 (186 SE2d 510). In our opinion the facts here do not authorize a finding of "excusable neglect." On setting aside a judgment based upon agreements not to pursue pending litigation see *Collier v. Hirsch,* 106 Ga. App. 652, 656 (127 SE2d 859).

A trial court has a far greater discretion in opening a default prior to judgment under Code Ann. § 81A-155 (b) than subsequent to the judgment under Code Ann. § 46-410. See *Clements v. United Equity Corp.,* 125 Ga. App. 711 (188 SE2d 923); *Hatcher v. Scarboro,* 113 Ga. App. 103, 104-105 (147 SE2d 361) (concurring opinion).

The trial court erred in setting aside the judgment.
*Judgment reversed. Deen and Stolz, JJ., concur.*

Submitted January 16, 1974 — Decided March 11, 1974.

*Rose & Stern, Michael J. Cohen,* for appellant.
*Scott Walters, Jr.,* for appellee.