## 49522. ADAMS v. CITIZENS & SOUTHERN NATIONAL BANK.

BELL, Chief Judge.

In Count 3 of its complaint (Counts 1 and 2 sought recovery on two promissory notes which are still pending below), plaintiff sought an order to permit the foreclosure of its perfected liens on defendant's automobiles. Defendant was served with a complaint and also with a rule nisi. After a hearing, the trial judge granted an order authorizing the foreclosure by seizure and sale of the personalty by the sheriff. A certificate of immediate review was issued.

1. Defendant argues that he was not afforded sufficient time to answer plaintiff's claim for foreclosure on the property and that the proceedings were conducted as a motion for summary judgment without compliance with the procedural requirements of CPA § 56 (Code Ann.

§ 81A-156). The complaint was filed and served on the defendant on March 11, 1974. The hearing was conducted on March 29, 1974. On March 21, 1974, the Act amending Code Title 67 of the Georgia Code became effective. Ga. L. 1974, p. 398 et seq. This Act completely changed the prior statutory law on the foreclosure of mortgages on personalty and granted a defendant greater procedural safeguards than the former. Since the new statute was effective at the time of this hearing on March 29, 1974, its provisions applied to this case. This Act provides for the service of a summons on the defendant and "The summons served on the defendant pursuant hereto shall command and require the defendant to appear at a hearing on a day certain fixed by such judge, justice or clerk not less than seven days from the date the summons was served." Code Ann. § 67-703. As noted above, the defendant was served on March 11, 1974, a period of 18 days prior to the hearing, and under the new Act he received at least the minimal time of 7 days. As this is a special statutory proceeding, the rules in CPA § 12(a) or CPA § 56 (Code Ann. §§ 81A-112 (a) and 81A-156) regarding the time periods granted for the filing of an answer and the filing of and hearing on a motion for summary judgment are not applicable. CPA § 81, Code Ann. § 81A-181.

2. The return of service discloses that service was made on defendant by leaving a copy of the complaint and summons with an unnamed individual approximately 39 years of age domiciled at the residence of defendant. It is contended that this service is invalid as it was not personally served on defendant. Defendant cites the case of *Womble v. Commercial Credit Corp.*, 231 Ga. 569 (203 SE2d 204) for the proposition that personal service is constitutionally required in all cases. But *Womble* did not hold that. There, the Supreme Court held that the mere leaving of a copy of process unattended at the residence of a defendant is not reasonably calculated to apprise him of the pendency of a suit. The service here sufficiently complied with CPA § 4 (d) (7) (Code Ann. § 81A-104 (d)(7)). At the hearing, the defendant made allegations relating to the inadequacy of the service in that the return was incorrect. However, he offered no evidence. The burden

was on him to show that the matter reflected in the return was not correct. *Rupee v. Mobile Home Brokers, Inc.,* 124 Ga. App. 86 (183 SE2d 34). The record shows proper service.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued July 1, 1974 — Decided September 20, 1974.

Herbert Adams, *pro se.*
*Alston, Miller & Gaines, Robert D. McCallum, Jr.,* for appellee.