DECIDED SEPTEMBER 2, 1975.

## 50711. MATUSZCZAK v. KELLY.

STOLZ, Judge.

Appellant and appellee, formerly husband and wife, were divorced in the State of Michigan. As finally amended, the Michigan judgment provided that the appellee (mother) have custody of the minor child of the parties, with the appellant (father) providing support and maintenance payments of $45 per week from January 19,.

1970.

The present action was filed by the appellee mother in the Superior Court of Gwinnett County seeking, among other relief, $10,260 for child support in arrears and that the judgment of the Michigan court be made the judgment of the Gwinnett Superior Court. The instant suit with rule nisi was served on the appellant on June 28, 1974. The mother came before the Superior Court of Gwinnett County pursuant to rule nisi on August 16, 1974, more than 45 days after service of the complaint, without the appellant's having filed any defensive pleadings, but the appellant and his counsel were present. The appellee made a motion for final judgment based on default. The superior court reserved ruling and allowed both counsel the opportunity of filing briefs with the court. Later that day, the appellant filed a petition to open default, an answer, and a motion to dismiss the complaint. Thereafter, on November 14, 1974, the superior court entered judgment declaring the case to be in default, awarding the appellee $10,260 for child support, and making the judgment of the Michigan court the judgment of the Superior Court of Gwinnett County. It is from this judgment that this appeal is taken.

1. Code Ann. § 81A-155 (b)(Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) gives the trial court the discretion of opening a default and sets forth the circumstances as to the exercise of that discretion. Generally, this court has held that, where the trial judge has exercised discretion, this court will not interfere. See *United Bonding Ins. Co. v. Bray Lumber Co.,* 122 Ga. App. 548 (177 SE2d 829); *Foster Co. v. Livingston,* 127 Ga. App. 317 (193 SE2d 626); *Broadaway v. Thompson,* 127 Ga. App. 600 (194 SE2d 342); *Interstate Life &c. Co. v. Densley,* 130 Ga. App. 70 (202 SE2d 463). The record in this case does not reveal any abuse of discretion. The Superior Court of Gwinnett County did not err in ruling the case in default. Enumerations of error 1, 2 and 3 are without merit.

2. The trial judge did not err in entering judgment for the appellee mother in the amount sued for or in making the judgment of the Michigan court its judgment. The claim for money judgment presented a liquidated claim and therefore did not require any proof in this

default case, beyond the allegations contained in the complaint. "[T]he plaintiff . . . shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, . . ." Code Ann. § 81A-155 (a). Enumerations of error 3, 4 and 5 are without merit.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED MAY 21, 1975 — DECIDED SEPTEMBER 2, 1975.

*Victoria D. Little,* for appellant.
*James W. Garner,* for appellee.