## 51786. WILLIAMS v. MELLS.

MARSHALL, Judge.

This is an appeal from a denial by the trial court of a motion to open a default judgment taken against appellant Williams, defendant below.

The facts disclose that Mells was a tenant of Williams and fell into arrears in rental payments. Without interposition of legal process, Williams forcibly evicted Mells but retained possession of her personal property contained within the house. Subsequently Mells brought suit against Williams seeking the return of her property, exemplary damages for the wrongful distraint of her property and a reasonable rental for the wrongfully converted property.

A deputy marshal went to Williams' house and served process upon a male individual of the same dimensions as Williams who nodded in the affirmative when asked if he was Williams. The return indicated a personal service upon Williams.

When the case came on for trial on March 18, 1975, Williams failed to appear and a default judgment was taken awarding Mells the return of her property, reasonable hire of the property in the amount of $440 and $5,000 exemplary damages.

On July 8, 1975, Williams moved to set aside the judgment denying that service had been perfected upon him personally, contrary to what was reflected in the deputy marshal's return. He offered evidence that the process was served upon a tenant and that he, Williams, was not aware of the complaint until he found it stuck in the door of his room later the same day. *Held:*

CPA § 4 (d) (7) (Ga. L. 1966, pp. 609, 610; as amended by 1968, pp. 1104, 1105; Code Ann. § 81A-104 (d)(7)) in pertinent part provides: "Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (7) . . . to the defendant personally, or by leaving copies thereof at his dwelling house . . . with some person of suitable age and discretion then residing therein . . ."

The trial court at the hearing on the motion to set aside the default judgment heard evidence of personal

service upon a person who indicated he was Williams. The return indicated personal service upon the defendant. While the return of service may be traversed and impeached, "[i]t is of itself . . . evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit. *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78). The entry of service . . . imports verity. [Cits.]" *Rupee v. Mobile Home Brokers, Inc.,* 124 Ga. App. 86, 88 (183 SE2d 34). Though appellant offered evidence that someone other than himself accepted the process, this created a question of fact. We cannot say that the resolution of the conflict in the evidence by the trial court contrary to appellant's contention was without foundation. See *West v. West,* 228 Ga. 397 (1) (185 SE2d 763); *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238); *Hickey v. Merrit,* 128 Ga. App. 764 (197 SE2d 833).

Furthermore, appellant concedes that he received a copy of the process on the same date at his dwelling house. The evidence offered by appellant shows that the process was left with an adult boarder in appellant's place of abode who in turn, in a responsible manner, caused the summons and complaint to be placed in the hands of appellant. It has been held that such service sufficiently complies with CPA § 4 (d) (7) so as to support venue. *Adams v. C. & S. Nat. Bank,* 132 Ga. App. 622, 623 (208 SE2d 628).

Finally, appellant admitted he had actual notice of the suit. Thus, he could have appeared for the limited purpose of challenging venue. " 'When the party has received actual notice of the suit there is no due process problem in requiring him to object to the [improper venue] within the period prescribed . . . His failure to do what the rule says he must do if he is to avoid a waiver might well be taken as being a waiver.' 5 Wright & Miller, Federal Practice and Procedure: Civil § 1391, p. 857." *Aiken v. Bynum,* 128 Ga. App. 212, 213 (196 SE2d 180). Under this state of facts, we find no abuse of discretion by the trial court in denying the motion to open the default judgment. *Interstate Life &c. Ins. Co. v. Densley,* 130 Ga. App. 70, 71 (202 SE2d 463). See also: *Security Management Co. v. Keasler,* 131 Ga. App. 230, 231 (205 SE2d 515).

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

Submitted February 3, 1976 — Decided March 10, 1976.

*Hill, Jones & Farrington, E. Lundy Beaty,* for appellant.
*Kenneth G. Levin,* for appellee.

Evans, Judge, concurring specially.
I concur fully with all that is set forth in the majority opinion except that which appears on the last page. The implication might arise therefrom that one who has notice or knowledge of a suit may have some duty or obligation to appear and defend even though he has not been served with the summons and complaint. Three cases are cited but none holds that a defendant has any duty to defend unless he has been served. To the contrary it has been held that a defendant may have full knowledge that a suit has been filed against him—may even be in the courtroom when the case is being tried—and yet he has no duty to defend *unless he has been served with summons and complaint.* See *First National Bank & Trust Co. v. Kunes,* 128 Ga. App. 565 (4) (197 SE2d 446). It has even been held that one who is served, and who is named in the complaint, *but is not named in the process* is not bound to answer. *Frank Adam Elec. Co. v. Witman,* 16 Ga. App. 574 (2) (85 SE 819); *John Holland Gold Pen Co. v. Williams & Co.,* 7 Ga. App. 173, 174 (66 SE 540).
The majority opinion does not clearly set forth anything contrary to what is written above, but, I repeat, the implication here inveighed against might arise therefrom.