## 31286. CARROLL v. CARROLL.

HALL, Justice.

This is an appeal from the denial of an extraordinary motion for new trial to set aside a final alimony judgment and decree. The husband filed a petition for divorce; the wife answered and counterclaimed for alimony. No order of court was entered requiring an answer to the counterclaim. A hearing was held after which temporary alimony was awarded to the wife. The husband dismissed his divorce suit. A final hearing was held without notice to the husband and the wife was awarded permanent alimony. Some time later the wife sought to garnish the husband's federal retirement income. Upon notification of the garnishment, the husband filed the above motion.

The issue here is whether the husband's dismissal of his suit for divorce amounted to a waiver of the notice requirements of Code Ann. § 81A-105 (a) because of his

failure to file an answer to the wife's counterclaim. We hold that there was no waiver and that the husband was entitled to notice.

Code Ann. § 81A-105 (a) provides that ". . . every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties: Provided, however, the failure of a party to file defensive pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action, . . ." If a defendant filed no defensive pleadings, he is not entitled to any notice of time and place of trial. *Gibson v. Gibson,* 234 Ga. 528 (216 SE2d 824) (1975). The same rule would apparently apply to a plaintiff who failed to answer a counterclaim under Rule 12 (a) of the Federal Rules of Civil Procedure. However, the CPA, as distinguished from Federal Rule 12 (a), does not require a plaintiff to answer a counterclaim, ". . . unless one is required by order of the court, and [the counterclaim] shall automatically stand denied." Code Ann. § 81A-112 (a). This was the law in Georgia even prior to the CPA. See Georgia Practice and Procedure, § 11-7 (1957).

The dismissal of the divorce action left the counterclaim pending with jurisdiction over the plaintiff husband. *Wright v. Wright,* 217 Ga. 511 (123 SE2d 557) (1962). However, in the absence of any order of the trial court requiring the plaintiff to answer the counterclaim, it remained automatically denied and the husband was entitled to notice under Code Ann. § 81A-105 (a).

We find nothing in the record or the trial court's findings of fact to show any waiver on the part of the plaintiff at the final hearing.

*Judgment reversed. All the Justices concur.*

Argued July 12, 1976 — Decided September 7, 1976.

*Douglas L. Breault,* for appellant.
*Hirsch, Beil & Partin, Milton Hirsch,* for appellee.