## 56089. HUBERT v. LAWSON.

DEEN, Presiding Judge.

The appellant sued Lawson and Summer-Minter & Associates, Inc. on a promissory note. The corporation failed to answer, and on October 12, 1976, a default judgment was entered against it. At a later date Hubert appealed a judgment dismissing his complaint as to the codefendant Lawson, which appeal was dismissed in this court as premature. *Hubert v. Lawson,* 142 Ga. App. 573 (237 SE2d 18) (1977). A counterclaim filed by Lawson was eventually dismissed and this appeal followed. *Held:*

1. Code § 109A-3—118 provides in part: "The following rules apply to every instrument: . . . (e) Unless the instrument otherwise specifies two or more persons

who sign as maker. . . and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.' " *Simpson v. Wages,* 119 Ga. App. 324 (167 SE2d 213) (1969) construing this statute holds that where a promissory note is signed by three persons as co-makers and contains the language "we promise to pay" the liability is joint and several, and an action against two of the co-makers is sustainable even though the other co-maker is dismissed as a party defendant. To the same effect see *Ghitter v. Edge,* 118 Ga. App. 750 (2) (165 SE2d 598) (1968). *Almand v. Hathcock,* 140 Ga. 26 (78 SE 345) (1913), is not authority to the contrary because that case particularly states that the plaintiff recovered "on a joint and not a joint and several note." The release of one joint contractor releases all, but the rule is different where the obligations are joint and several, in which event the plaintiff may sue either the one or the other or both at his election.

2. It is further contended that the appeal to this court comes too late and should therefore be dismissed. The appellee cites *Purcell v. Joyner,* 231 Ga. 85 (1) (200 SE2d 363) (1973), where, after trial, verdict and judgment, the losing party appealed and the opponent made a motion to dismiss the appeal as premature in that there was a counterclaim pending; this court held that the counterclaim had been abandoned at the direction of the verdict. In the present case, on the contrary, it was held on the first appeal, 142 Ga. App. 573, supra, that the "counterclaim is still pending in the trial court . . ." The case remained pending until March 1, 1977, when the motion to dismiss was granted. Hubert had 30 days from that date to appeal, and he did in fact file his notice of appeal on March 7, 1978, within the 30-day period. The appeal is properly before us.

3. The complaint was apparently dismissed in the trial court on motion of the appellee defendant because Lawson was not informed of the entry of the default judgment against the codefendant. It is true that Code § 81A-105 (a) requires service on all parties of every order *required by its terms to be served,* and also *every written motion other than one which may be heard ex parte.* There

is no written motion for a default judgment in this record. Since 116 days had passed after service on Summer-Minter without any response by that entity, it is obvious, and must have been so to all parties, that under Code § 81A-155 the plaintiff was entitled to a judgment "as if every item and paragraph of the petition were supported by proper evidence," the action being ex contractu for a liquidated amount. No evidence was required. *Matuszczak v. Kelly,* 135 Ga. App. 577 (2) (218 SE2d 292) (1975). It was therefore proper under Code § 81A-105 (a) to enter up judgment ex parte. The judgment of dismissal states that the plaintiff's complaint against the defendant Lawson is being dismissed on motion because the court "found as a matter of fact that judgment was taken against the co-defendant Summer-Minter & Associates, Inc. on October 12, 1976, without notice to Frank Lawson or his counsel." Where a party is entitled to notice, action taken without such notice, or without a proper postponement after late notice is acquired, may be subject to reversal. Cf. *Carroll v. Carroll,* 237 Ga. 441 (228 SE2d 832) (1976). But we know of no statutory sanction which would authorize the dismissal of the complaint even if some subsidiary pleading were not served as required upon a defendant, and certainly there is no authority for such action in the present case where the judge was authorized to enter up an ex parte default judgment. Accordingly, the grant of the motion to dismiss the plaintiff's complaint must be reversed.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JUNE 28, 1978 — DECIDED JULY 13, 1978.

*J. Don Jones, Richard N. Hubert,* for appellant.
*Nagle & Johnston, Howard H. Johnston, Hugh H. Summer,* for appellee.