## 57090. WOODS v. CONGRESS FINANCIAL CORPORATION.

BIRDSONG, Judge.

The appellant Woods brings this appeal from the denial of his motion to set aside a default judgment. The only issue presented by this case is jurisdictional and concerns whether or not Woods was properly served so as to be on notice and thus enable him to timely file his answer to the complaint of the appellee Congress Financial Corporation. The record discloses the following as evidence bearing upon service: "I hereby certify that I have this day served the defendant Wayne E. Woods with a true copy of the within complaint and summons by leaving said copy at his dwelling or usual place of abode by handing the same to Norma Woods who resides therein." The foregoing certificate was signed by a deputy sheriff. The appellant offered no evidence as to who Norma Woods might be, her age, or any evidence showing that she did not live in his dwelling place or usual place of abode.

Ga. L. 1966, pp. 609, 610, as amended (Code Ann. § 81A-104 (d) (7)) provides in pertinent part that service may be accomplished ". . . by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . " Appellant does not contest the return of the deputy sheriff nor show that the return of service was improper in any

way.

The trial court at the hearing on the motion to set a-side the default judgment received as evidence the return of the deputy sheriff. That return indicated personal service upon the defendant Woods as provided by Code Ann. § 81A-104 (d) (7). While the return may be traversed and impeached, the certified return is of itself evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit. *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78). The entry of service imports verity. *Rupee v. Mobile Home Brokers,* 124 Ga. App. 86, 88 (183 SE2d 34). See *Williams v. Mells,* 138 Ga. App. 60, 61 (225 SE2d 501). In the absence of contradictory evidence, the trial court was warranted in accepting the certificate of service as proof of personal service upon Woods. See *Adams v. C. & S. Nat. Bank,* 132 Ga. App. 622, 623 (2) (208 SE2d 628). By the provisions of Code Ann. § 81A-104 (d) (7), the deputy sheriff was not authorized to leave the copy of the service and summons on one who was not of suitable age or discretion and who did not reside with the defendant. The presumption is that a public officer faithfully and lawfully performed the duties devolving upon him by law. *Bank of Clearwater, Fla. v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16); *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69, 74 (35 SE2d 899). Appellant Woods not having met the burden of showing that the service was improper, the trial court properly denied his motion to expunge the default judgment.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 16, 1979 — DECIDED FEBRUARY 23, 1979.

*Albert E. Butler,* for appellant.
*Gibbs, Leaphart & Smith, Robert B. Smith,* for appellee.