## 61081. CARTWRIGHT v. ALPHA TRANSPORTATION SERVICE, INC.

McMURRAY, Presiding Judge.

This is a garnishment case in which the plaintiff filed the proceedings naming several garnishees. We are only concerned here with reference to the wife of the defendant as a garnishee who was also shown as "I. M. Cartwright d/b/a I. M. C. Motor Express."

It appears without dispute that the defendant and his wife, the garnishee herein, had been married some 43 years, had lived at the

same address for some 13 or 14 years, but she was not served personally with the garnishment papers; and the deputy sheriff who served same showed that service was perfected on the garnishee by serving "Mr. Cartwright in person." The deputy sheriff later amended the original return of service by adding that he, "served Mr. E. F. Cartwirght [sic] personally with the garnishee's copy of the summons of garnishment. E. F. Cartwright was served at his residence address which is also the residence address of the garnishee, I. M. Cartwright." The question of service upon the husband defendant is not disputed.

Thereafter, the court entered an order finding that the garnishee, "Mrs. Itcel Marie Cartwright, also known as I. M. Cartwright was served personally with summons of garnishment in the above action on January 19, 1978 and it further appearing that said garnishee has failed to respond to the summons of garnishment and has failed to answer the same and it further appearing that the defendant E. F. Cartwright was personally served with defendant's copy of the summons of garnishment on January 19, 1978, and it further appearing that the time within which said garnishee may respond to the summons of garnishment has passed and said garnishee is in default [and] judgment [is] entered in favor of plaintiff against garnishee . . . in the principal sum of $40,300.00." This order was dated August 11, 1978.

On December 7, 1979, garnishee designating herself as "defendant" filed a motion to modify the judgment and motion to set aside the judgment with affidavit attached that the "defendant" (garnishee) had received actual notice "on November 15, 1979," that the judgment by default had been entered against her on August 11, 1978, as the garnishee in the case, and "[t]hat she was never served with service of garnishment; [t]hat she did not hold any assets nor does she now hold any assets belonging to the E. F. (Elb) Cartwright [defendant] at the time the garnishment was filed." Motion to modify the judgment was based upon the fact that the motion was made by the "defendant" (garnishee) within 60 days of actual notice of entry of said judgment and that she did not possess any assets belonging or owing to E. F. (Elb) Cartwright, nor does she now possess any assets of E. F. (Elb) Cartwright, praying that the judgment be modified to $200. The motion to set aside the judgment was based upon a non-amendable defect appearing upon the face of the record, "wherein the court lacked jurisdiction over the person of the defendant garnishee," based upon the lack of personal service upon the garnishee.

In a very lengthy opinion, the trial judge, after hearing the motion to set aside and motion to modify and setting forth the above

facts held that the garnishee was personally served under the Civil Practice Act as amended (Code Ann. § 81A-104 (d) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689-692; again amended 1980, pp. 1124, 1125, eff. March 25, 1980)), "by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint" in serving her husband personally. The court then held that service was sufficiently complied with, citing *Adams v. C. & S. Nat. Bank,* 132 Ga. App. 622 (208 SE2d 628); *Williams v. Mells,* 138 Ga. App. 60 (225 SE2d 501); *Woods v. Congress Financial Corp.,* 149 Ga. App. 156 (253 SE2d 834). The court then held there was no absence of service although the service was irregular and incomplete which was cured by amendment (Code § 110-705) and that the garnishee had not met the burden of showing that it should be set aside as void and that the court lacked jurisdiction. The court then held that the evidence showed the garnishee received actual notice on November 15, 1979; these proceedings were filed on December 7, 1979, but that she failed to show that the costs were paid within the required 60 day period and that the court is governed by *Marler Oil Co. v. C. & S. Bank,* 153 Ga. App. 186 (265 SE2d 58). Both motions were denied. The garnishee appeals. *Held:*

1. The motion to dismiss the appeal is denied inasmuch as the order or judgment from which the appeal was taken is sufficiently identified, is not defective, and does confer jurisdiction on this court to rule on the appeal. This is particularly true in that the notice of appeal was immediately amended to show with clarity that the order and judgment entered by the trial court on July 17, 1980, was the order here involved on appeal. Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1074; 1972, p. 624; 1978, p. 1986) authorizes liberal amendment "at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it."

2. Code Ann. § 46-103 (Ga. L. 1976, pp. 1608, 1610) clearly states that upon delivery of the affidavit and summons to the officer issuing such summons "it shall be his duty to serve the summons of garnishment upon the person *to whom it is directed* and to make his entry of service upon the affidavit and return the same to the court." (Emphasis supplied.) Under Code Ann. § 46-105 (Ga. L. 1977, pp. 159, 161), the defendant shall be served with a copy of the summons of garnishment "as soon as is reasonably practicable. Service pursuant to this paragraph shall be made pursuant to . . . [Code Ann. § 81A-104, as amended, supra]." But note that this applies only as to service

upon the defendant.

3. When a judgment is rendered against a garnishee by default on failure to answer "on motion filed not later than 60 days from the date garnishee receives actual notice of the entry of such judgment against garnishee, garnishee, upon payment of all accrued costs of court, may have the judgment modified . . ." so as to reduce the amount equal to the greater of $50 or $50 plus 100% of the amount by which the garnishee was indebted to defendant "from the time of service of summons of garnishment through and including the last day on which a timely answer could have been made for all money, other property, or effects belonging to the defendant which came into the garnishee's hands from the time of service of the summons through and including the last day on which a timely answer could have been made . . . " This statute then provides that any plaintiff who objects to the timeliness of the motion has the burden of proof of establishing that said motion was not filed within the time provided for by this section. See Code Ann. § 46-509 (Ga. L. 1976, pp. 1608, 1620; 1977, pp. 783, 784; again amended 1980, pp. 1769, 1773, eff. April 9, 1980). However, as the court has stated in its order, the garnishee failed to pay all accrued costs of court. The trial court did not err in denying the motion to modify in accordance with this statute.

4. The motion to vacate and set aside, however, presents a more difficult problem. The garnishment law requires that the summons be served upon the person to whom it is directed, and since garnishment proceedings are purely statutory and in derogation of the common law this statute must be strictly construed and followed. See *Anderson v. Ledbetter-Johnson Contractors,* 62 Ga. App. 732 (2) (9 SE2d 860); *K. & L. Const. Co. v. Central Bank &c. Co.,* 151 Ga. App. 123, 124 (1) (258 SE2d 771). As stated in the cited cases in Division 1 of the latter case at page 125, a greater degree of care is required in serving a summons of garnishment than in serving ordinary lawsuits in that the garnishee must be made aware of the pending garnishment.

But counsel for the plaintiff insists that the service upon the husband under the Civil Practice Act by leaving copies of the garnishment at the garnishee's dwelling house or usual place of abode with some person of suitable age or discretion then residing therein was sufficient to satisfy the service requirement of Code Ann. § 46-103, supra, to give the trial court jurisdiction over the garnishee. Implicit in this argument is the contention that there is no conflict between the provisions of Code Ann. § 46-103, supra, and the provisions of Code Ann. § 81A-104 (d) (7), supra, which under the applicability rule of Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 688;

1967, pp. 226, 241; 1968, pp. 1104, 1109) must yield to the specific rule of practice and procedure set forth in a special statutory proceeding such as the garnishment proceeding we are dealing with in the case sub judice. Plaintiff relies upon *Headrick v. Fordham,* 154 Ga. App. 415 (268 SE2d 753), wherein an attorney garnishee was claimed to have been personally served when his secretary was served at his business office. In that case service of process was found to be insufficient because of a failure of any showing that the secretary was his agent. This court also rejected the argument of the appellant in the *Headrick* case that the garnishee was estopped from denying personal service. The language in that case which the plaintiff in the case sub judice seeks to rely upon is dicta relating to the applicability of the personal service provisions of Code Ann. § 81A-104 (d) (7), supra, to the service of summons of garnishment.

The Code of 1933, § 46-105 dealing with the service and return of summons of garnishment provided in part that upon delivery of the summons of garnishment to the appropriate officer of the court, "it shall be his duty to serve such summons of garnishment upon the person to whom it is directed." This language has been carried forward from earlier versions of our code for many years. Presently this language is found in Code Ann. § 46-103, supra; but see also Code of 1910, § 5269; Code 1895, § 4709; Code 1882, § 3536. In *Dooly v. Miles,* 101 Ga. 797, 799 (29 SE 118), it was held: "The code requires that when a summons of garnishment is issued, the officer shall serve it upon the person of the garnishee; which we think means that it shall be served personally and not left at his residence or most notorious place of abode. This is done to give the garnishee actual notice of the summons, in order that he may obtain it in time and file his answer in accordance therewith. If left at his residence or place of abode in his absence, he might fail to receive it and fail to make answer, and a judgment would be rendered against him when he might not be indebted to the defendant in the suit or judgment." See also *Robinson v. Bryson & Sons,* 45 Ga. App. 440, 443 (165 SE 158); *East v. Louis Briggs Const. Co.,* 95 Ga. App. 472, 473 (98 SE2d 61); and *Redwood Restaurant & Bars v. Spruill,* 108 Ga. App. 95 (2) (132 SE2d 235). In view of the fact that the above cited language now contained in Code Ann. § 46-103, supra, was brought forward and included in the present statute by the legislature with the full knowledge of the construction which had been placed on that language by the appellate courts it must be that the legislature intended that the language continue to have its meaning as construed by the appellate courts. This construction is in conflict with those portions of Code Ann. § 81A-104 (d) (7), supra, which provided for personal service by leaving copies at the dwelling house or usual place of abode with some person

of suitable age and discretion then residing therein. Therefore, under the provisions of Code Ann. § 81A-181, supra, the provisions of Code Ann. § 81A-104 (d) (7), supra, in conflict with specific rules of practice and procedure contained in the garnishment statute are superseded. The long developed rule which continues to prevail requires that summons of garnishment be literally served upon the person of the garnishee (where the person is an individual, of course, and not a corporate body). Any language to the contrary contained in *Headrick v. Fordham,* 154 Ga. App. 415, supra, is as noted, merely dicta and not required in reaching a decision in that case.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 16, 1981 

*Glenn Howell,* for appellant.
*Richard A. Katz, J. Michael Lamberth,* for appellee.