64390. STEVENS v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF BRUNSWICK.

BANKE, Judge.

In this appeal from the entry of a default judgment in favor of the plaintiff in a suit to recover on a promissory note, the defendant contends that she did not receive service of process. Two separate returns of service appear in the record. The first, dated October 14, 1981, states that a copy of the complaint was left at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion; the second, dated January 14, 1982, states that the defendant was served personally. *Held:*

"While the return may be traversed and impeached, the certified return is of itself evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit. *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78). The entry of service imports verity. *Rupee v. Mobile Home Brokers,* 124 Ga. App. 86, 88 (183 SE2d 34). See *Williams v. Mells,* 138 Ga. App. 60, 61 (225 SE2d 501)." *Woods v. Congress Fin. Corp.,* 149 Ga. App. 156, 157 (253 SE2d 834) (1979). In the absence of contradictory evidence, the trial court was warranted in accepting the certificates of service as true.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1982.

*Lucinda G. Stevens,* for appellant.

*Gilbert C. McLemore, Jr.,* for appellee.