67352. KLOSTERMAN v. TUDOR et al.

SHULMAN, Presiding Judge.

Appellant brought suit against appellee L. Russell Tudor for alleged fraud and misrepresentation in connection with the sale of certain real estate; and against appellee John A. White, Jr., the attorney who closed the real estate transaction, for alleged legal malpractice. Appellees' motion for summary judgment was granted by the trial court, and this appeal ensued. Appellant argues that the trial court erred in allowing Tudor to open the default judgment which resulted when his answer was filed one day late. Appellant also asserts as error the trial court's reliance on the principle of estoppel by judgment in granting appellees' motion for summary judgment.

On May 7, 1980, Tudor executed a note in the amount of $2,547.21 to Loren D. Marsh (not a party to this appeal) and secured the debt by executing a security deed in favor of Marsh on certain real property located in Fulton County. On December 23, 1980, Tudor executed and delivered to appellant a warranty deed, warranting free and clear title to the same Fulton County property and making no mention of the existing encumbrance on the title. Marsh filed a complaint against Tudor in December of 1981 in order to collect on the note. The following February, Marsh threatened foreclosure on the property because of the nonpayment of Tudor's debt to Marsh. To avoid foreclosure appellant paid Marsh $3,636.38 and, in return, was assigned Marsh's cause of action against Tudor. On February 24, 1982, Marsh's original complaint against Tudor was dismissed on its merits for want of prosecution since appellant chose not to pursue the suit. Subsequently, appellant initiated the present suit against Tudor and White.

1. Tudor's answer was filed one day late due to a mathematical miscalculation made by his attorney. Since his attorney was unaware that the answer was late when it was filed, no costs were paid at that time. Appellant cites this omission as a ground for denying Tudor's motion to open default because OCGA § 9-11-55 requires payment of court costs before such a motion will be granted. However, Tudor's

motion to open the default was accompanied by a check for the payment of the costs. The trial court having found that the costs were paid and excusable neglect existed, it was purely discretionary on the part of the trial court whether to grant Tudor's motion and, generally, when such discretion is exercised, this court will not interfere. *Matuszczak v. Kelly*, 135 Ga. App. 577 (1) (218 SE2d 292). OCGA § 9-11-55 (b). We find no abuse of discretion in the present case.

2. Appellant argues that the principle of estoppel by judgment is inapplicable to the case at bar because there is no identity of parties or issues. OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Estoppel by judgment, and not res judicata, is the proper legal theory to consider in the present situation, since the two cases in question, the suit originally filed by Marsh and the present suit brought by appellant, are premised on different causes of action. *Smith v. Wood*, 115 Ga. App. 265 (1) (154 SE2d 646). Even so, there still must be an identity of parties and issues in the two cases. Id. Since we find no identity of issues in the previous action and the case at bar, it is unnecessary to consider whether there is an identity of parties.

" ' "[T]here is an estoppel by the judgment only as to such matters as were necessarily, or as are shown to have been actually, adjudicated in the former litigation. [Cits.]" [Cit.] Estoppel by judgment occurs only when the issue determined in the prior proceeding is the same as that in the subsequent proceeding. [Cits.]' " *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 346 (270 SE2d 883). In Marsh's original suit against Tudor, the only relevant issue to be determined was whether the debt was enforceable against Tudor. Since the case was dismissed with prejudice for want of prosecution, that question was answered in the negative. As a result, appellant is forever precluded from recovering anything in an action based entirely on Tudor's alleged liability on the note. Tudor and White contend that since appellant cannot enforce the underlying debt originally owed to Marsh, it follows that appellant cannot bring an action against them for breach of warranty and malpractice, respectively. We must disagree. "The fact that a note or other evidence of debt is barred does not prevent a creditor from thereafter availing himself of the mortgage or other security unless the mortgage or other security itself is barred." OCGA § 44-14-43. "[I]n creating the debt and in giving the security the debtor made two contracts and contracted for two remedies: one on the debt, the other on the security; . . . the debt itself was not extinguished by the [prior judgment], which only barred the remedy thereon; . . . notwithstanding the [prior judgment] the debt

continued, not only as a moral obligation, but as a legal claim so far as to furnish a consideration sufficient to support a new promise; . . . the claim therefore remained in existence as a principal debt to which the security still attached as an incident; . . . hence . . . the remedy on the security might be made effective, even though the remedy on the main debt was barred. . . . The security may therefore be held until the debt is paid, not simply until it is barred." *Conway v. Caswell*, 121 Ga. 254, 257 (48 SE 956). Even though *Conway* involved a situation where the underlying debt was barred by the statute of limitation, we believe the principle of law it espouses equally applies to the case at bar. Whether the debt that the property secured was actually enforceable against Tudor is completely irrelevant to the resolution of the issue at hand. Appellant has alleged that he incurred a monetary setback because of Marsh's threat to foreclose on the property appellant had purchased from Tudor. Therefore, the pertinent questions to be answered in the instant case are: Did Tudor make fraudulent representations to appellant with regard to the property's title, thereby causing appellant's damages? Did White' negligently contribute to the alleged misrepresentations? Since it is unnecessary to determine the validity of Tudor's underlying debt to Marsh in order to resolve the questions propounded above, it follows that there is no identity of issues between the present action and the former judgment. "[Appellees], therefore, cannot assert in the instant case the doctrine of estoppel by judgment based upon the prior judgment. [Cit.]" *Firestone Tire &c. Co. v. Pinyan*, supra, p. 346. It was error for the trial court to grant appellees' motion for summary judgment.

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984.

*C. Samuel Rael*, for appellant.

*Bruce H. Beerman, C. Michael Evert, Jr., Sharon L. Rowen*, for appellees.