68606. MOORE v. SANFORD, ADAMS, McCULLOUGH & BEARD.

BANKE, Presiding Judge.

This is an appeal from a summary judgment for the plaintiff in a suit to domesticate a default judgment rendered against the defendant in North Carolina. The return of service in the North Carolina action specifies that the defendant was personally served in that state on June 8, 1982. However, the defendant has asserted by affidavit that to the best of his recollection he was not served personally and that, although he was in North Carolina at the time, he was not in the city of the purported service on the date of service. He thus contends that a fact question remains as to whether the North Carolina court

acquired personal jurisdiction over him. *Held*:

1. A return of service, while not conclusive as to the facts therein recited, is of itself evidence of a high order and can only be set aside upon evidence "which is not only clear and convincing but the strongest of which the nature of the case will admit." *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (183 SE2d 34) (1971), citing *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78) (1895).

We agree with the trial court that the defendant's affidavit, containing no actual denial of personal service, was insufficient to overcome the sheriff's return. However, we must nevertheless reverse, for it appears that the copy of the North Carolina return of service which was filed of record in the present case was not properly certified in accordance with OCGA § 24-7-24 (a) (1), in that it was not accompanied by the certificate of a judge to the effect that the attestation of the clerk was in proper form, nor was the seal of the North Carolina court affixed to the clerk's attestation. (It affirmatively appears from a properly certified copy of the North Carolina judgment which is contained in the record that such a seal exists.) Consequently, the present record does not authorize the grant of summary judgment to the plaintiff.

2. The plaintiff's motion for imposition of damages for filing a frivolous appeal is perforce denied.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JULY 10, 1984.

*Cletus W. Bergen II*, for appellant.
*Sherwin P. Robin*, for appellee.