## 70449. MOORE v. SANFORD, ADAMS, McCULLOUGH & BEARD.

(333 SE2d 681)

BANKE, Chief Judge.

The defendant appeals a summary judgment entered in favor of the plaintiff in an action to domesticate a default judgment rendered against the defendant in North Carolina. At issue is whether the defendant's sworn affidavit that he was not personally served in the North Carolina action is sufficient to overcome the sheriff's return to the effect that he was personally served.

This is the second appearance of this case before us. In *Moore v. Sanford, Adams, McCullough & Beard*, 171 Ga. App. 549 (320 SE2d 394) (1984), we agreed with the trial court that the sheriff's return was not overcome by the defendant's affidavit stating that "to the best of [his] recollection" he had not been personally served and stating further that he had not been in the city specified in the return on the date specified in the return. We nevertheless reversed an award of summary judgment to the plaintiff due to a defect in the certification of the North Carolina return. Upon the return of the case to the trial court, the defect in the certification was corrected, and the plaintiff again moved for summary judgment. The defendant responded with another affidavit repeating his earlier averment that he had not been in the city of the purported service on the date specified in the return, but this time denying positively that he had been personally served. The trial court again granted summary judgment to the plaintiff, and the defendant again appeals. *Held*:

1. We agree with the trial court that because "no corroborating affidavit of a third person is offered attesting to the defendant's absence from the city of service on the date of service, [i]t is still a case of the defendant's word against the deputy sheriff's and the presumption favors the sheriff's return of service." See generally *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (183 SE2d 34) (1971); *Moore v. Sanford, Adams, McCullough & Beard*, supra. Accord *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984). We consequently affirm the grant of the plaintiff's motion for summary judgment.

2. The plaintiff's motion for imposition of a 10 percent penalty pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied, it

appearing that our prior decision in this case may have lent itself to the erroneous construction that a direct denial of personal service by the defendant would be sufficient, under the facts of this case, to overcome the sheriff's return.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JULY 11, 1985 —
REHEARING DENIED JULY 29, 1985 — 

*Cletus W. Bergen II*, for appellant.
*Sherwin P. Robin*, for appellee.