## A93A2602. HAWKINS v. PLUMBACK.
(440 SE2d 712)

BIRDSONG, Presiding Judge.

William C. Hawkins appeals from the trial court's dismissal of his cross-claim against Lyn E. Plumback. After Louise Palmer sued Hawkins and Plumback, service was made upon Hawkins on April 17, 1991, and he filed a cross-claim against Plumback on April 29, 1991, but on April 26, 1991, served the cross-claim only on Palmer's attorney. Subsequently, Hawkins filed an answer to Palmer's complaint which answer included a separate paragraph stating, "the cross-claim previously filed herein by defendant Hawkins against defendant Plumback by Mr. Hawkins' attorney Robert S. Windholz is incorporated herein by reference." This answer and cross-claim was served on Plumback by mail on May 9, 1991. The record below shows that Plumback admitted that he was served with process and Palmer's complaint on May 31, 1991, and on June 27, 1991, filed his answer to Palmer's complaint and served the answer on Palmer's attorney, on

Hawkins' defense attorney, and on Hawkins' attorney on the cross-claim. Plumback's answer raised no defense concerning service of the cross-claim and for the next *two years* Plumback raised no issue concerning this service. Instead, all parties proceeded with discovery and trial preparation, including Plumback's submission of a pretrial order, without raising any issue concerning service of the cross-claim. Indeed, the record shows Plumback sought to amend his pretrial order submission on June 25, 1993, to add this service issue. Additionally, the record shows that Plumback served Hawkins' counsel on the cross-claim with all pleadings filed in the case; without reserving or preserving any issue concerning service, Plumback also served discovery on Hawkins.

Following the dismissal of the original complaint against both defendants on March 19, 1993, Plumback moved to dismiss Hawkins' cross-claim on June 25, 1993, because he asserted he had never been served with a summons and complaint on Hawkins' cross-claim. Nevertheless, on the same date, Plumback also moved to have Hawkins' wife joined as a party plaintiff under OCGA § 9-11-19 because of her potential claims for loss of consortium.

Subsequently Plumback's motion to dismiss the cross-claim was granted because the trial court found a failure of service of process as to the defendant Plumback. This appeal followed. *Held*:

Pretermitting whether Plumback was served properly with Hawkins' cross-claim, Plumback's conduct waived any issue of service. Although under our law Plumback was not required to answer the cross-claim (*Carroll v. Carroll*, 237 Ga. 441 (228 SE2d 832)), waiver occurs unless the issue is raised at the first practicable opportunity and waiver will arise from any act by which one consents to the jurisdiction of the court. *Hap Farms v. Heard*, 209 Ga. App. 684, 685 (434 SE2d 118); *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870). Further, while a party may not assert a cross-claim against one who is not a party (*Smithloff v. Benson*, 173 Ga. App. 870, 876 (328 SE2d 759)), Plumback was a named party to this action at the time the cross-claim was asserted, and he has not asserted any issue concerning service of Palmer's complaint. Therefore, he was a party against whom a cross-claim might be asserted. Accordingly, since by his actions, Plumback waived the issue of service of the cross-claim (*Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 495 (313 SE2d 709)), the judgment of the trial court dismissing this action must be reversed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 1, 1994.

*Robert S. Windholz*, for appellant.

*Sharon W. Ware & Associates, James F. Cook, Jr.*, for appellee.