## 66105. BULLARD v. CITIZENS & SOUTHERN NATIONAL BANK OF EAST POINT.

BIRDSONG, Judge.

This appeal is from the trial court's denial of appellant's motion to set aside the judgment entered against him in this action. The trial court found, after reviewing the affidavits of appellant, his secretary, and the deputy sheriff effecting service, that personal service had been accomplished. Specifically, the trial judge found that the sheriff appeared at appellant's office while appellant was away and laid the suit papers on appellant's desk. The court found that appellant then returned to his office, was directed to the papers by the sheriff, and picked up the suit papers from his desk in the presence of the sheriff. Appellant argues, based upon his own affidavit, that the sheriff never saw him place his hands on the suit papers. This assertion is directly contradicted by the sheriff's affidavit, in which he states that he was present when appellant placed his hands on the suit papers, and that appellant reviewed the papers in his presence. The sheriff's return of service verified that he served appellant personally.

It is clear that appellant's challenge to the sufficiency of service on him is wholly without merit. His argument is based upon his affidavit, which is contradicted by the sworn statements of the sheriff, both in his return of service and in his affidavit setting forth the details of service of the suit papers on appellant. "A return of service entered upon a declaration . . . is of itself . . . evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78). See also *Lester v. Crooms, Inc.,* 157 Ga. App. 377, 378 (277 SE2d 751); *Woods v. Congress Financial Corp.,* 149 Ga. App. 156 (253 SE2d 834); *Hickey v. Merrit,* 128 Ga. App. 764, 766 (197 SE2d 833). Although appellant's affidavit provided evidence that he was not personally served as required by OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104), the trial judge disagreed, and her conclusion has ample foundation. Under these circumstances, we find no abuse of discretion by the trial court in denying the motion to set aside. *Lester,* supra, p. 380; *Williams v. Mells,* 138 Ga. App. 60, 61 (225 SE2d 501).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 20, 1983.

*Arthur P. Tranakos, Robert F. Webb,* for appellant.

*Don E. Germano,* for appellee.