76746. HUDSON et al. v. WILLIAMS.
(374 SE2d 220)

McMURRAY, Presiding Judge.

On October 15, 1985, plaintiff Mary Hudson and defendant Williams were involved in an automobile collision. Plaintiff Mary Hudson filed a complaint for damages on June 5, 1987, allegedly arising from the incident on October 15, 1985. On September 22, 1987, the superior court (acting on defendant's motion filed September 14, 1987) ordered plaintiff William Hudson (husband of plaintiff Mary Hudson) joined as a party plaintiff. The complaint was subsequently amended to add the loss of consortium claim of plaintiff William Hudson.

A deputy sheriff served the original complaint at 170 Irwin Street, Cedartown, Georgia by leaving it with Leola Williams, the defendant's mother. In her initial answer defendant denied plaintiff's allegation that she resided at the Cedartown address.

Defendant again denied residence at the Cedartown address in her deposition taken September 30, 1987. Defendant deposed that she lived at 1 Walnut Street, Aragon, Georgia and had been living there for approximately five months. Defendant produced a driver's license

issued March 3, 1987, which listed the Aragon address. Defendant also testified that she had last resided on Irwin Street in Cedartown four years previously. Defendant gave further notice of her Aragon address in her response, filed October 2, 1987, to plaintiff Mary Hudson's interrogatories. The defendant had not been served with the complaint in the case sub judice at her Aragon address.

On January 5, 1988, defendant moved to dismiss plaintiff Mary Hudson's complaint, contending that the superior court lacks personal jurisdiction because of insufficiency of service of process. Plaintiffs appeal the grant of defendant's motion to dismiss. *Held*:

Plaintiffs rely upon the return of service filed by the deputy sheriff as proof that defendant had been served at her "most notorious place of abode in this County." "While the return of service imports verity and is itself evidence of a high order, it is not conclusive as to the facts stated therein but may be set aside upon evidence 'which is not only clear and convincing, but the strongest of which the nature of the case will admit.' *Woods v. Congress Fin. Corp.*, 149 Ga. App. 156, 157 (253 SE2d 834) (1979), citing *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78) (1894)." *Daniel v. Leibolt*, 178 Ga. App. 186, 189 (3), 190 (342 SE2d 334). Plaintiffs contend that the evidence in support of defendant's motion to dismiss was not sufficient to meet this standard and thus overcome the presumption raised by the deputy sheriff's return. However, in *Sorrow v. Seloff*, 177 Ga. App. 87 (1) (338 SE2d 482), we held that a return of service may be impeached by sworn statements made on personal knowledge. Thus, in the case sub judice there was some evidence authorizing the superior court's resolution of the issue of fact regarding sufficiency of service and this court will not disturb the superior court's finding. *Sorrow v. Seloff*, 177 Ga. App. 87 (1), supra.

Nor do we find any merit in plaintiffs' contention that defendant waived the defect in service by requesting and receiving an order of joinder requiring the assertion of the husband's derivative claim in the case sub judice. Such was not inconsistent with the defendant's assertion of the insufficiency of service issue and did not manifest a consent to the jurisdiction of the superior court. Unlike *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491 (313 SE2d 709), cited by plaintiffs, in the case sub judice defendant preserved the insufficiency of service of process defense by continuing to assert this issue through the pre-trial procedure so that this issue is noted in the pre-trial order among those issues remaining for determination. The grant of defendant's motion to dismiss was not error.

*Judgment affirmed. Pope and Benham, JJ., concur.*

*Kenneth J. Jones,* for appellants.
*J. Clinton Sumner, Sidney P. Wright,* for appellee.