A89A1040. ADAIR REALTY COMPANY v. PARRISH.
(385 SE2d 770)

Pope, Judge.

A default judgment was entered against defendant David G. Parrish in this case on August 1, 1975. On November 22, 1988, the trial court granted defendant's motion to set aside the judgment on the ground that the court lacked personal jurisdiction over him because he never received service of the complaint. Defendant's motion was supported by his affidavit that he never received service of the complaint and had no knowledge of the judgment entered against him until plaintiff served his employer with a garnishment proceeding in 1988. The affidavit contradicted the statement contained in the return of service signed by the Deputy Marshal of the trial court declaring that personal service of the defendant was completed on June 12, 1975.

" 'A return of service entered upon a declaration . . . is of itself . . . evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' [Cits.]" *Bullard v. C & S Nat. Bank*, 167 Ga. App. 47 (306 SE2d 51) (1983). In *Bullard* the trial court considered the conflicting affidavits of the defendant, declaring he had not been served, and the affidavit of the sheriff plus the sheriff's return of service, verifying that defendant had been served, and denied defendant's motion to set aside. Because we found no abuse of discretion, this court refused to overturn the judgment of the trial court. In the case now before us the trial court considered the conflicting evidence and ruled in favor of defendant, granting his motion to set aside the judgment. The sworn affidavit of the defendant was direct evidence and therefore sufficient to contradict the return of service, if believed. This court will not interfere with the judgment of the trial court on a motion to set aside a judgment for lack of personal jurisdiction if there is any evidence to support it. *Wolfe v. Rhodes*, 166 Ga. App. 845 (305 SE2d 606) (1983).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Kirby G. Bailey*, for appellant.
*Dana F. Persells*, for appellee.