A91A2097. WEBB et al. v. TATUM et al.
(413 SE2d 263)

MCMURRAY, Presiding Judge.

Plaintiffs brought suit against Gary Steven Tatum and Robinson Wrecker Service on October 11, 1989, seeking damages stemming

from a February 2, 1988, automobile collision. Service was to be made upon defendant Tatum at 1473 Flat Rock Road in Henry County, Georgia.

An "Entry of Service" was made on October 21, 1989. It recites that defendant Tatum was served "at his most notorious place of abode" by leaving a copy of the complaint and summons with Dennis Tatum, defendant Tatum's brother. A second "Entry of Service," made on March 5, 1990, recites that after a "diligent search," defendant Tatum was "not to be found in the jurisdiction of this Court." Service was not attempted upon defendant Robinson Wrecker Service.

On April 10, 1990, defendants answered the complaint and asserted, inter alia, an insufficiency of service of process defense. Thereafter, on August 3, 1990, defendants moved to dismiss the complaint "on the grounds that service has never been properly perfected on either defendant and the action [was then] barred by the statute of limitations . . ." In support of the motion, defendant Tatum submitted an affidavit in which he deposed that he lived with his mother at 1515 Flat Rock Road since 1986; that his brother, Dennis Tatum, lived at 1473 Flat Rock Road for approximately ten years; and that he never lived at that address or considered it to be his permanent residence. Additionally, defendant Tatum submitted the affidavit of his brother who deposed that he lived at 1473 Flat Rock Road for ten years; that defendant Tatum never lived with him at that address; and that, on October 21, 1989, he explained to the deputy who delivered the summons and complaint that defendant Tatum did not live at 1473 Flat Rock Road.

In opposition to defendants' motion to dismiss, plaintiffs submitted the affidavits of Eugene R. Kiser, their attorney, and Olin Couch. Kiser deposed that he employed an investigator to discover the whereabouts of defendant Tatum because he did not live at the address which appeared on the accident report; that "after much investigation, it was determined that [defendant Tatum] lived and worked for his brother . . . at Tatum Wrecker Service, 1473 Flat Rock Road . . ."; and that he relied on the sheriff's return of service "as being valid service. . . ." He also deposed that approximately one month before the statute of limitation ran out, he received a telephone call from a person who identified himself as Gary Tatum; that that person said he "received the lawsuit papers" and wanted to know what to do about them; and that he told that person to "take the papers to the insurance company. . . ."

Olin Couch deposed that he was asked by Eugene R. Kiser to find out where defendant Tatum lived; that a barber in Stockbridge, Georgia, told him that defendant "Tatum lived at the yellow house on Flat Rock Road"; that the address of the yellow house on Flat Rock

Road was 1473; that he observed a wrecker truck marked "Tatum Wrecker Service" at that address; and that he "then reported to Eugene Kiser's law office that [defendant Tatum] lived and worked out of 1473 Flat Rock Road."

Couch deposed further that "the 1988 Georgia Uniform Motor Vehicle Accident Report shows that [defendant Tatum] reported to the investigating officer that he lived at 629 Tennelle Street, S.E. in Atlanta, Georgia"; that the accident report "obviously cast doubt on the veracity of [defendant Tatum]"; that, in June or July of 1990, he called Tatum Wrecker Service and asked where defendant Tatum was living; and that the "girl who answered the telephone told me that [defendant Tatum] was living with his mother in Summerville, Georgia."

The trial court granted defendants' motion to dismiss the complaint. Plaintiffs appeal. *Held*:

OCGA § 9-11-4 (d) (7) provides that service shall be made by delivering a copy of the summons and a copy of the complaint to the defendant personally or by leaving copies at his dwelling or usual place of abode with someone of suitable age and discretion residing therein. Were copies of the summons and complaint left at defendant Tatum's dwelling or usual place of abode?

" 'The entry of service of the sheriff or his deputy imports verity.' *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (183 SE2d 34). The return of service is not conclusive, but it is evidence of a high order as to the facts recited therein, and it may be traversed and impeached by proof that such facts are untrue. However, it can only be set aside by evidence which is not only clear and convincing but the strongest of which the nature of the case will admit. [Cits.] The burden to show error in matter reflected in a return of service is on the defendant. [Cits.]" *Wolfe v. Rhodes*, 166 Ga. App. 845, 846, 847 (305 SE2d 606).

Whether evidence is sufficient to overcome facts reflected in a return of service is a matter addressed to the discretion of the trial court. *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770). See also *Williams v. Mells*, 138 Ga. App. 60, 61 (225 SE2d 501). "While the return of service constituted prima facie evidence that . . . service was made upon [defendant Tatum], the affidavits submitted by [defendant Tatum] created a factual dispute to be resolved by the factfinder, the trial court. [Cit.]" *Terrell v. Porter*, 189 Ga. App. 778 (1) (377 SE2d 540). We have no hesitation in concluding that the evidence presented by defendants was sufficient to support the trial court's determination that defendants were not properly served with process. See *Adair Realty Co. v. Parrish*, 192 Ga. App. 681, supra; *Terrell v. Porter*, 189 Ga. App. 778 (1), supra.

The mere fact that defendant Tatum may have obtained actual

knowledge of the lawsuit is of no consequence. *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108); *Terrell v. Porter*, 189 Ga. App. 778, 779, supra. "[T]here is no authority to dispense with the clear requirements of OCGA § 9-11-4 (d) (7) merely because the defendant may otherwise obtain knowledge of the filing of the action." *Bible v. Bible*, 259 Ga. 418, 419, supra.

The trial court did not err in granting defendants' motion to dismiss.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 26, 1991.

*Eugene R. Kiser*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Robert W. Browning*, for appellees.