### A97A1607. KIM et al. v. PLATT.

(493 SE2d 249)

POPE, Presiding Judge.

On July 12, 1993, plaintiff Injoo Kim and defendant Lisa Platt were involved in an automobile accident. Nearly two years after the accident, plaintiff and her husband, Youngho Kim, filed suit against defendant seeking recovery for the personal injuries plaintiff allegedly suffered in the accident and for loss of consortium. Because defendant had moved to Clark County, Nevada, prior to the filing of plaintiff's lawsuit, plaintiff attempted service on defendant pursuant to Georgia's Long Arm Statute. OCGA § 9-10-90 et seq. That statute allows for service on a nonresident in the same manner provided for in this state by any person authorized to make service under the law of the foreign jurisdiction in which service is to be made. See OCGA § 9-10-94. Accordingly, plaintiff sought to have a Clark County Deputy Sheriff serve defendant at her residence by either personal service upon defendant or notorious service, which, under the facts and law relevant to this case, would require leaving a copy of the summons and complaint at defendant's "dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein*." (Emphasis supplied.) OCGA § 9-11-4 (d) (7); see *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989) (notorious service is not sufficient when process is left with a person who does not actually reside at the dwelling house or abode of the defendant at the time of service).

On July 3, 1995, Clark County Deputy Sheriff Berni went to defendant's residence, but defendant was not at home. Defendant's 17-year-old sister, Brandy Busbee, was at the residence however, and the deputy left a copy of the summons and complaint with her to give to defendant, which Busbee did. The return of service Berni submitted stated that the abovementioned documents had been left with Busbee and, in preprinted form, that Busbee was "domiciled at the residence of defendant."

On December 14, 1995, defendant filed an answer in which she raised the defenses of insufficiency of service of process and lack of jurisdiction, and the record shows that she has never waived or acknowledged service in this case. Approximately eight months after filing her answer, defendant moved to dismiss the suit against her on the ground that she had not been properly served with process within the two-year statute of limitation for personal injury claims

set forth in OCGA § 9-3-33 in that the only attempted service on her to date was the notorious service on Busbee which defendant claimed was insufficient because, contrary to the preprinted statement in the return of service, Busbee did not reside with defendant at the time of such service. Plaintiff and her husband appeal from the trial court's grant of defendant's motion to dismiss. Finding no error, we affirm.

"When a defendant in a lawsuit challenges the sufficiency of service, [the defendant] bears the burden of showing improper service. The return [of service] can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995)." (Citation and punctuation omitted.) *Cushman v. Raiford*, 221 Ga. App. 785, 787 (472 SE2d 554) (1996). While a return of service imports verity and itself is prima facie evidence concerning the facts recited therein, it is not conclusive and may be traversed and set aside by proof that such facts are untrue. Id.; *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). Such proof may be presented, along with other evidence, in the form of "sworn statements made on personal knowledge." *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988). *Sorrow v. Seloff*, 177 Ga. App. 87 (1) (338 SE2d 482) (1985).

Here, defendant submitted her own affidavit in support of her motion to dismiss. In the affidavit, defendant unequivocally stated that Busbee did not reside at defendant's abode at the time Berni attempted service of process or at any time prior thereto, and that on the date in question, Busbee was merely a visitor. Defendant's affidavit was consistent with her sworn deposition testimony, which in addition to the above, asserted that at the time of the attempted service Busbee was still in high school and resided with her father, stepmother and several other siblings at a residence different from that of defendant.

Defendant further submitted the sworn deposition testimony of one of her brothers and Busbee in support of her motion. According to both defendant's brother and Busbee, Busbee had never resided with defendant and, as contended by defendant, lived with her father and stepmother at all relevant times. Busbee also testified that on the date in question she told Berni that she did not live with defendant, and it is undisputed that Berni never asked Busbee for any identification in an effort to determine her residence. Additionally, defendant presented Busbee's driver's license for the period in question. The license corroborated defendant's contention that Busbee lived at her father and stepmother's residence on the date Berni attempted to serve defendant.

Based on the above, it was within the trial court's sound discretion to conclude that defendant had presented evidence sufficient to

overcome the presumption that the statement contained in the return of service concerning Busbee's residence was true. *Yelle*, 216 Ga. App. at 47; *Webb*, 202 Ga. App. at 91. And, in light of the evidence submitted by defendant regarding Busbee's residence at the time of service, we conclude that the trial court, as the factfinder in matters regarding the sufficiency of service, could have determined that defendant did not receive adequate service of process and that it lacked personal jurisdiction over defendant as a result. Id.; *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989); *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989). The fact that Berni stated in an affidavit submitted in opposition to defendant's motion to dismiss that Busbee had told him she resided with defendant at the time he left copies of the summons and complaint with Busbee does not demand a different conclusion. This is so because the trial court, as factfinder, could have discounted Berni's recollection of events as set forth in his affidavit based on the fact that over a year had passed between the service attempt and the date of Berni's affidavit, and the fact that Berni's affidavit is at odds with the return of service regarding the very date on which service was attempted.[1]

Consequently, the trial court did not err in granting the motion to dismiss.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 31, 1997.

*Joseph N. Blau*, for appellants.
*Russell, Stell, Smith & McLockin, John E. Stell, Jr.*, for appellee.

---

[1] The return of service signed by Berni states that notorious service was made on Busbee on July 3, 1995. Berni's affidavit, however, states that service was perfected on June 29, 1995.