## A98A0312. BULLARD v. WEST STAR FINANCIAL CORPORATION.
### (500 SE2d 51)

ELDRIDGE, Judge.

On July 18, 1996, the plaintiff, Sparkle Bullard, filed a complaint in the Superior Court of Fulton County against West Star Financial Corporation ("West Star") and two other financial institutions seeking unspecified damages for their threatened foreclosure of her real property.[1] A summons dated the same day was issued by the trial court directing West Star to answer the complaint within 30 days of service of the summons.

According to the return of service, the complaint and summons were served upon Cindy J. Zidick of C.T. Corporation System ("CT"), as registered agent for West Star, on July 26, 1996. West Star did not answer and went into default. A default jury trial was held on November 13, 1996; West Star did not appear. The jury returned a verdict on the main case and the punitive damages. Judgment was entered on the jury verdict on November 14, 1996.

West Star filed a motion to set aside judgment, asserting lack of service of process, which was granted by the trial court. It is from this order setting aside the judgment against West Star that the plaintiff appeals. Finding no error, we affirm.

"The entry of service of the sheriff or his deputy imports verity. The return of service is not conclusive, but it is evidence of a high order as to the facts recited therein, and it may be traversed and impeached by proof that such facts are untrue. However, it can only be set aside by evidence which is not only clear and convincing but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991); *Wolfe v. Rhodes*, 166 Ga. App. 845, 846-847 (305 SE2d 606) (1983); *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (183 SE2d 34) (1971). "Such proof may be presented, along with other evidence, in the form of sworn statements made on personal knowledge." (Citations and punctuation omitted.) *Kim v. Platt*, 229 Ga. App. 92, 93 (493 SE2d 249) (1997); *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988). "The burden to show error in matter reflected in a return of service is on the defendant." (Citations and punctuation omitted.) *Webb v. Tatum*, supra at 91. "Where, as in this case, the trial court sat as the trier of jurisdictional issues of fact, absent legal error an appellate court is without jurisdiction to overturn factual findings supported by some evidence." (Citation and punctuation omitted.) *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356

---

[1] There has never been an actual foreclosure of the plaintiff's property.

(454 SE2d 213) (1995).[2]

At the hearing on West Star's motion to set aside judgment, it was undisputed that CT was the registered agent for service for West Star on July 26, 1996. On this date, Deputy Doster of the Fulton County Sheriff's Department, who had been serving process for only about six or seven months, was assigned to the downtown zone, which included CT, for the purpose of making service of process. The downtown zone was not Deputy Doster's normal zone. However, due to the Olympics, Deputy Doster had been re-assigned to this zone. Deputy Doster testified that he had no specific independent recollection of whom he served or what papers he served on July 26, 1996. Deputy Doster went on to testify that he did not know Zidick by sight at that time. Deputy Doster testified that, according to his logbook, he served process on CT in twenty different suits on July 26, 1996, one of which was this action. Deputy Doster testified that his normal procedure was to fill in his service log sheet, which indicated what papers he was serving at a specific location, while sitting in his car prior to serving the process and to leave his logbook in his car while he went into the building to make service.

Employees of CT's Atlanta office admit processing 59 services of process on July 26, 1996, which included 19 services of process corresponding to entries on Deputy Doster's log; it denied receiving service of process in this action. While Deputy Doster's entry of service reflects that West Star was served by leaving a copy of the summons and complaint with Cindy J. Zidick, the uncontradicted evidence is that Zidick could not have received service of process because she was not even present at CT's Atlanta office on July 26, 1996, due to scheduling changes caused by the Olympics; Zidick averred that she did not receive process in this action on July 26, 1996, or on any other date. Moreover, Monique Jobes and Lynn MacDonald, the only other two employees authorized to accept service in CT's Atlanta office on July 26, 1996, averred that they did not receive process for West Star in this action on July 26, 1996, or on any other date. In addition, CT's business records of receipt and forwarding of process for the Atlanta office, which records were kept in the ordinary course of business and

---

[2] The plaintiff argues that CT's admission that it received 19 of the 20 services of process from Deputy Doster was an admission against interest and, therefore, under *Earley v. Dyson*, 220 Ga. App. 586 (469 SE2d 841) (1996), the standard of review for the appellate courts as to factual findings of the trial court would no longer be "some evidence," but would be "clear and convincing evidence, the strongest of which the nature of the case will admit." We disagree. *Early*, supra, simply holds that when a defendant makes an evidentiary admission against interest stating that he resides at a specific address and later attacks service of process made on him at that address, alleging that he did not reside therein, the defendant may contravene such admission against interest only with positive evidence, stating affirmatively where his place of residence was at the time of service. Negative evidence that the defendant resided elsewhere, without stating where he resided, is not sufficient.

were created at the time process was received and forwarded by CT, indicated that CT did not receive process or forward process to West Star in this action on July 26, 1996, or on any other date. Kenneth C. Knudson, president of West Star, averred that West Star never received the original or a copy of the complaint, summons, or any other pleading in this case.

The sworn affidavits and depositions submitted by West Star were "direct evidence and therefore sufficient to contradict the return of service." *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989). We find that the evidence submitted by West Star was sufficient to support the trial court's determination that West Star was not properly served with process.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 24, 1998.

*Michael P. Froman*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, Matthew J. Troy*, for appellee.