## A01A2048. GLATFELTER et al. v. DELTA AIR LINES, INC.
### (558 SE2d 793)

ELLINGTON, Judge.

Kurvin and Irene Glatfelter appeal the trial court's order granting summary judgment in favor of Delta Air Lines, Inc. on their personal injury complaint based on Delta's alleged failure to provide a wheelchair for Mr. Glatfelter's use. Finding no error, we affirm.

1. The Glatfelters contend the trial court erred in granting summary judgment in that Delta admitted liability in judicio when it failed to timely respond to their request for admissions during discovery. See OCGA § 9-11-36 (a) (2), (b). The Glatfelters' attorney certified that the request for admissions was served "by attaching the same to the Complaint and serving same as reflected by the Marshal's Entry of Service." The marshal's entry of service showed service of the action, summons "and discovery requests" on Delta's registered agent on August 27, 1999. Delta served its response to the Glatfelters' request for admissions on December 15, 1999.

Delta moved the trial court for a judicial determination that its response to the Glatfelters' request for admissions was timely filed. Delta claimed that the request for admissions was not served with the complaint; it supported that assertion with the affidavits of its registered agent for service and the employee who received the complaint from the registered agent. The trial court did not rule on Delta's motion to have its response declared timely before the hearing on Delta's motion for summary judgment. Implicit in the trial court's order granting Delta's motion for summary judgment is a ruling that the Glatfelters did not serve Delta with their request for admissions. See *Peterson v. Columbus Med. Center &c.*, 243 Ga. App. 749, 753 (1) (b) (533 SE2d 749) (2000).

"Whether evidence is sufficient to overcome facts reflected in a return of service is a matter addressed to the discretion of the trial court." (Citations omitted.) *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). A marshal's return of service constitutes prima facie evidence of service as indicated and "can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Punctuation and footnote omitted.) *Duke v. Buice*, 249 Ga. App. 164, 165-166 (547 SE2d 561) (2001). See *Webb*, 202 Ga. App. at 91. A defendant challenging the sufficiency of service bears the burden of establishing that the service was insufficient, such as by disproving statements contained in a return of service. *Bullard v. West Star Financial Corp.*, 231 Ga. App. 521-522 (500 SE2d 51) (1998). "Such proof may be presented, along with other evidence, in the form of sworn statements made on personal knowledge." (Citations and punctuation omitted.) Id. at 521. Applying the abuse of discretion standard, we conclude the sworn

affidavits submitted by Delta in this case were sufficient to support the trial court's implicit finding that the Glatfelters failed to serve the request for admissions.

2. The Glatfelters contend that, even if the trial court accepted and considered Delta's allegedly untimely responses to their request for admissions, questions of material fact existed which precluded summary judgment. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, *the burden shifts to the respondent to come forward with rebuttal evidence.*" (Citation and punctuation omitted; emphasis supplied.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). "In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56[,] must set forth specific facts showing that there is a genuine issue for trial." (Punctuation omitted.) *Entertainment Sales Co. v. SNK, Inc.*, 232 Ga. App. 669-670 (502 SE2d 263) (1998). A defendant may meet its burden on a motion for summary judgment by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. *Lau's Corp.*, 261 Ga. at 491. Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *White v. BDO Seidman, LLP*, 249 Ga. App. 668, 669 (549 SE2d 490) (2001).

Viewed in the light most favorable to the appellants, the evidence showed the following facts. The Glatfelters planned to return from a trip to Connecticut to their home in Florida on May 6, 1999. Their daughter, who purchased their tickets, requested in advance that Delta provide a wheelchair in the Sarasota, Atlanta, and Hartford airports to transport Mr. Glatfelter. At the time, Mr. Glatfelter was 79 years old, obese, and had osteoarthritis in his left knee; he used a cane to walk and walked slowly and carefully.

On May 6, the Glatfelters' originating flight from Hartford was delayed due to bad weather in Atlanta; they arrived in Atlanta on Concourse B after 1:00 p.m., too late to make their connecting flight to Sarasota. No wheelchair was waiting to help Mr. Glatfelter deplane. The Glatfelters walked to the gate and spoke with a Delta gate agent. The Glatfelters learned that the next flight to Sarasota

was scheduled to depart from Concourse A at about 4:00 p.m. Mrs. Glatfelter asked the gate agent to locate a wheelchair to take Mr. Glatfelter to the gate for the next flight to Sarasota. The gate agent called to request a wheelchair and also suggested they find a place on a passing tram. No wheelchair was readily available, and passing trams were all full.

After 15 to 20 minutes passed without the appearance of wheelchair assistance, the Glatfelters decided to walk to Concourse A. Because of numerous weather-related flight delays and cancellations, the concourse was crowded and chaotic. As Mr. Glatfelter stepped onto the escalator to travel down to the transportation mall, the surge of the crowd pushed him and he fell down a few steps. He sustained, among other injuries, a broken right ankle which required surgery. Mr. Glatfelter seeks compensation for his injuries, and Mrs. Glatfelter seeks compensation for loss of consortium.

It is undisputed that Delta owed Mr. Glatfelter, as a qualified handicapped individual, a duty to provide wheelchair assistance when requested in boarding, deplaning, and traveling between gates to make flight connections. 49 USC § 40101 (a) (1) (Air Carrier Access Act of 1986); 14 CFR § 382.39 (a) (1).[1] The ACAA is not a strict liability statute, however, and a minimal delay in providing the requested assistance does not constitute a violation of the Act. *Adiutori v. Sky Harbor Intl. Airport*, 880 FSupp. 696, 701 (D. Ariz. 1995) (five- to ten-minute wait for a wheelchair), aff'd without opinion, 103 F3d 137 (9th Cir. 1996).

In this case, there is no evidence the Delta gate agent refused the Glatfelters' request for a wheelchair. To the contrary, Mrs. Glatfelter testified that the gate agent responded courteously to her request and called for a wheelchair but was unable to procure one immediately because of the crowded conditions at the airport. The undisputed evidence shows the Glatfelters, anxious to make the next connecting flight to Sarasota, decided after 15 to 20 minutes not to wait any longer for wheelchair assistance. The ACAA and the regulations applicable here do not specify how quickly requested assistance must be provided, but this does not mean that evidence of a delay of

---

[1] 14 CFR § 382.39 (a) (1) provides:
Carriers shall ensure that qualified [handicapped] individuals . . . are provided the following services and equipment: Carriers shall provide assistance requested by or on behalf of qualified [handicapped] individuals . . . , or offered by air carrier personnel and accepted by qualified [handicapped] individuals . . . , in enplaning and deplaning. The delivering carrier shall be responsible for assistance in making flight connections and transportation between gates. This assistance shall include, as needed, the services personnel and the use of ground wheelchairs, . . . on-board wheelchairs where provided in accordance with this part, and ramps or mechanical lifts.

any length is sufficient to raise a jury issue.[2] Although we recognize that under certain circumstances a *delay* in providing requested wheelchair assistance could amount to a *failure* to provide assistance, we conclude as a matter of law that under these circumstances a delay of 15 to 20 minutes did not constitute a violation of the ACAA. *Adiutori*, 880 FSupp. at 701. Furthermore, even if Delta's 15- to 20-minute delay in providing a wheelchair could be deemed an actionable ACAA violation, Delta's conduct could not be deemed the proximate cause of the Glatfelters' injuries because it was followed by other intervening events without which those injuries would not have occurred, i.e., the Glatfelters' decision to walk to Concourse A; the Glatfelters' failure to determine that an elevator was available; and the stranger's bumping into Mr. Glatfelter. *Bacon v. Mayor &c. of Savannah*, 241 Ga. App. 211, 213-214 (525 SE2d 115) (1999); *Finney v. Machiz*, 218 Ga. App. 771, 773 (463 SE2d 60) (1995). Accordingly, Delta was entitled to summary judgment on the Glatfelters' claims.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 14, 2002 — ▮▮▮▮▮▮▮

*Wilson Law Firm, L. Matt Wilson, Anthony O. Lakes, Davis K. Loftin*, for appellants.

*Strawinski & Goldberg, Michael L. Goldberg*, for appellee.

---

[2] Cf. *Rowley v. American Airlines*, 885 FSupp. 1406, 1410-1411 (D. Ore. 1995) (14 CFR § 382.39 (a) (3) provides: "Carriers shall not leave [a handicapped passenger] unattended in a ground wheelchair, boarding wheelchair, or other device, in which the passenger is not independently mobile, for more than 30 minutes." Evidence that airline employee left passenger seated in a gate lounge chair, in which she was not independently mobile, unattended for more than an hour raised a jury issue as to passenger's ACAA claim.).