RACHAL V. AMERICAN EAGLE AIRLINES, INC.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-102-CV

MILDRED RACHAL APPELLANT

V.

AMERICAN EAGLE AIRLINES, INC. APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

Mildred Rachal appeals from the trial court’s grant of summary judgment in favor of American Eagle Airlines, Inc.  In a single issue, Rachal a
rgues that genuine issues of material fact preclude summary judgment.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Rachal sustained injuries when she fell on an escalator in the American Eagle terminal at Dallas-Fort Worth International Airport (“DFW”).  Rachal flew into DFW on American Eagle.  She had requested assistance with a wheelchair. When Rachal deplaned on the DFW tarmac, a flight attendant told her that she would receive help with a wheelchair at the airport terminal.  Rachal traveled by shuttle bus from the tarmac to the terminal.  She waited outside the terminal for assistance with a wheelchair for thirty minutes.  Rachal then decided to walk unassisted to the baggage claim area.  Although an elevator was available in the same area,  Rachal walked onto an escalator leading to the baggage claim level.  After moving a short distance, the escalator acted “like it wanted to miss” or “jump.”  Rachal lost her balance, fell, and sustained injuries. 

Rachal sued American Eagle for negligence and premises liability.  Specifically, Rachal alleged American Eagle negligently failed to provide  wheelchair assistance to her, failed to inspect the premises for dangerous conditions, failed to warn the public of a dangerous condition, failed to remedy a dangerous condition, and failed to maintain the escalator.

American Eagle filed a combined traditional and no-evidence motion for summary judgment.  The trial court granted the motion.  This appeal followed.

STANDARD OF REVIEW

No-Evidence Summary Judgment
 

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Traditional Summary Judgment

A defendant is entitled to a traditional summary judgment under Rule 166a(c) if the summary judgment evidence establishes, as a matter of law, that at least one essential element of a plaintiff’s cause of action cannot be established.  
IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason
, 143 S.W.3d 794, 798 (Tex. 2004)
.  The defendant as movant must present summary judgment evidence that conclusively negates an element of the plaintiff’s claim.
  Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id.

DISCUSSION

Rachal’s claims fall into two categories:  negligence and premises liability.  We will address each in turn.

Negligence

Rachal claims that American Eagle was negligent in failing to provide her with wheelchair assistance.  In the traditional part of its summary judgment motion, American Eagle argued that its failure to provide wheelchair assistance was too remote as a matter of law to be a proximate cause of Rachal’s injuries. We agree.

The essential elements of a negligence claim are a legal duty, a breach of that duty, and damages proximately resulting from that breach.  
See Van Horn v. Chambers
, 970 S.W.2d 542, 544 (Tex. 1998).  We will focus our attention on the element of proximate cause.

Proximate cause consists of two elements:  cause in fact and foreseeability.  
D. Houston, Inc. v. Love
, 92 S.W.3d 450, 454 (Tex. 2002).  These elements cannot be satisfied by mere conjecture, guess, or speculation.  
Mason
, 143 S.W.3d at 798-99.  Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred.  
Id. 
at 799
.

In 
Lear Siegler, Inc. v. Perez
, the Supreme Court found the Restatement (Second) of Torts to be instructive on this point:

In order to be [the proximate cause] of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. . . . [T]his is necessary, but it is not of itself sufficient.  The negligence must also be a substantial factor in bringing about the plaintiff's harm.

819 S.W.2d 470, 472 (Tex. 1991) (quoting
 Restatement (Second) of Torts 
§ 431 cmt. a (1965)).  Cause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible.  
Mason
, 143 S.W.3d at 799.  In other words, the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm.  
Id.

The Supreme Court of Texas has addressed attenuation of the causal connection between conduct and liability in several cases.  
See
 
Mason
, 143 S.W.3d at 797-800 (holding discharge of plaintiff and her roommate from a mental hospital was not the proximate cause of plaintiff’s injuries sustained when the roommate suffered a psychotic episode while driving, swerved to avoid a dog, and flipped the vehicle in which plaintiff was a passenger);
 
Union Pump Co. v. Allbritton
, 898 S.W.2d 773, 774 (Tex. 1995) (holding defect in a pump was not the proximate cause of injuries to a worker who slipped in liquid used to extinguish flames when the pump caught fire);
 
Lear Siegler
, 819 S.W.2d at 471-72 (holding defect in a flashing arrow sign was not the proximate cause of injury to a Highway Department worker who stopped to examine malfunctioning sign and was struck by a driver who fell asleep at the wheel); 
Bell v. Campbell
, 434 S.W.2d 117, 118-22 (Tex. 1968) (holding car wreck was not the proximate cause of injuries to individuals who were struck by another vehicle while clearing debris from first wreck)
.  
These cases establish that merely creating the condition that makes harm possible falls short as a matter of law of satisfying the “substantial factor” test.  
Mason, 
143 S.W.3d at 800.  Thus we must determine whether American Eagle’s failure to provide wheelchair assistance to Rachal merely created the condition that made Rachal’s injury possible.

Reviewing the evidence in the light most favorable to Rachal, the following sequence of events led to her injury:  Rachal asked American Eagle for wheelchair assistance.  American Eagle failed to provide wheelchair assistance to Rachal within thirty minutes of her arrival at the airport terminal.  Rachal decided to walk unassisted to the baggage claim area.  She stepped onto an escalator.  The escalator malfunctioned, causing Rachal to fall and suffer injuries.

Rachal argues that American Eagle was negligent in failing to provide wheelchair assistance to her, but the immediate cause of her injury was the escalator malfunction.  Between American Eagle’s failure to provide wheelchair assistance and Rachal’s injury stand (1) Rachal’s decision to walk unaided to the baggage claim area and (2) the malfunctioning escalator.  American Eagle’s failure to provide wheelchair assistance was too attenuated from Rachal’s fall on the escalator to be a substantial factor in bringing about Rachal’s injury and merely created the condition that made her injury possible.

American Eagle cites several cases from other jurisdictions where airlines failed to provide wheelchair assistance.  One case in particular merits discussion.  In 
Glatfelter v. Delta Air Lines, Inc.
, Glatfelter requested wheelchair assistance from Delta. 
 558 S.E.2d 793, 796 (Ga. Ct. App. 2002)
.  No wheelchair met Glatfelter when he deplaned.  
Id.
  After waiting for fifteen to twenty minutes, Glatfelter decided to walk to another concourse.  
Id.
  Glatfelter stepped onto an escalator.  
Id.
  The crowd surged behind him and knocked Glatfelter down the escalator; Glatfelter broke his ankle.  
Id.
  Glatfelter sued Delta for failing to provide wheelchair assistance.  
Id.  
The trial court granted summary judgment in favor of Delta; Glatfelter appealed.  The court of appeals affirmed the summary judgment, holding that:

. . . Delta’s conduct could not be deemed the proximate cause of [Glatfelter’s] injuries because it was followed by other intervening events without which those injuries would not have occurred, i.e., the Glatfelters’ decision to walk to Concourse A; the Glatfelters’ failure to determine that an elevator was available; and the stranger’s bumping into Mr. Glatfelter.

Id. 
at 796-97.  Just as in 
Glatfelter
, Rachal’s injury followed other intervening events without which her injury would not have occurred, i.e., her decision to walk to the baggage claim area, her failure to determine that an elevator was available, and the escalator’s malfunction.

We hold that American Eagle’s failure to provide wheelchair assistance to Rachal was not, as a matter of law, the cause in fact of her injury.  American Eagle conclusively negated the essential element of proximate cause.  American Eagle is therefore entitled to a traditional summary judgment on Rachal’s negligence claim.

Premises Liability

We turn next to Rachal’s premises liability claim arising from the malfunction of the escalator.  The essential elements of a premises liability claim are as follows:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk;  and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

CMH Homes, Inc. v. Daenen
, 15 S.W.3d 97, 99 (Tex. 2000).  American Eagle’s no-evidence summary judgment motion challenged each of these elements. 

Rachal’s premises liability claim arises out of the alleged malfunction of the escalator.  The record, however, is utterly devoid of evidence tending to show American Eagle’s actual or constructive knowledge of any condition or defect in the escalator that posed an unreasonable risk of harm.  Rachal failed to raise a fact issue on the first element of her premises liability claim.  American Eagle is entitled to a no-evidence summary judgment on Rachal’s premises liability claim.

American Eagle’s Cross-Point

By cross-point, American Eagle argues that the trial court erred by failing to grant an earlier summary judgment motion based on the statute of limitations.  Because we affirm summary judgment on other grounds, we need not address American Eagle’s cross-point.  
See
 
Tex. R. App. P.
 47.1.

CONCLUSION

We hold that (1) American Eagle’s failure to provide wheelchair assistance to Rachal was not a proximate cause of her injury, and (2) Rachal failed to raise a fact issue on an essential element of her premises liability claim.  We therefore overrule Rachal’s sole issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED: 
 March 24, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.