COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-102-CV
  
  
MILDRED 
RACHAL                                                                 APPELLANT
  
V.
  
AMERICAN 
EAGLE AIRLINES, INC.                                             APPELLEE
 
  
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Mildred 
Rachal appeals from the trial court’s grant of summary judgment in favor of 
American Eagle Airlines, Inc.  In a single issue, Rachal argues that 
genuine issues of material fact preclude summary judgment.  We affirm.
 
FACTUAL AND PROCEDURAL BACKGROUND
        Rachal 
sustained injuries when she fell on an escalator in the American Eagle terminal 
at Dallas-Fort Worth International Airport (“DFW”). Rachal flew into DFW on 
American Eagle. She had requested assistance with a wheelchair. When Rachal 
deplaned on the DFW tarmac, a flight attendant told her that she would receive 
help with a wheelchair at the airport terminal. Rachal traveled by shuttle bus 
from the tarmac to the terminal. She waited outside the terminal for assistance 
with a wheelchair for thirty minutes. Rachal then decided to walk unassisted to 
the baggage claim area. Although an elevator was available in the same area, 
Rachal walked onto an escalator leading to the baggage claim level. After moving 
a short distance, the escalator acted “like it wanted to miss” or 
“jump.” Rachal lost her balance, fell, and sustained injuries.
        Rachal 
sued American Eagle for negligence and premises liability. Specifically, Rachal 
alleged American Eagle negligently failed to provide wheelchair assistance to 
her, failed to inspect the premises for dangerous conditions, failed to warn the 
public of a dangerous condition, failed to remedy a dangerous condition, and 
failed to maintain the escalator.
        American 
Eagle filed a combined traditional and no-evidence motion for summary judgment. 
The trial court granted the motion. This appeal followed.
STANDARD OF REVIEW
No-Evidence Summary Judgment
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The 
trial court must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) & cmt.; S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan 
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward 
more than a scintilla of probative evidence that raises a genuine issue of 
material fact, then a no-evidence summary judgment is not proper. Moore v. K 
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).
Traditional Summary Judgment
        A 
defendant is entitled to a traditional summary judgment under Rule 166a(c) if 
the summary judgment evidence establishes, as a matter of law, that at least one 
essential element of a plaintiff’s cause of action cannot be 
established.  IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 
143 S.W.3d 794, 798 (Tex. 2004).  The defendant as movant must present 
summary judgment evidence that conclusively negates an element of the 
plaintiff’s claim.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 
195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to 
establish the right to summary judgment, the burden shifts to the plaintiff to 
come forward with competent controverting evidence raising a genuine issue of 
material fact with regard to the element challenged by the defendant.  Id.
DISCUSSION
        Rachal’s 
claims fall into two categories: negligence and premises liability.  We 
will address each in turn.
Negligence
        Rachal 
claims that American Eagle was negligent in failing to provide her with 
wheelchair assistance. In the traditional part of its summary judgment motion, 
American Eagle argued that its failure to provide wheelchair assistance was too 
remote as a matter of law to be a proximate cause of Rachal’s injuries.  
We agree.
        The 
essential elements of a negligence claim are a legal duty, a breach of that 
duty, and damages proximately resulting from that breach.  See Van Horn 
v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998).  We will focus our 
attention on the element of proximate cause.
        Proximate 
cause consists of two elements: cause in fact and foreseeability. D. Houston, 
Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  These elements cannot be 
satisfied by mere conjecture, guess, or speculation.  Mason, 143 
S.W.3d at 798-99.  Cause in fact is established when the act or omission 
was a substantial factor in bringing about the injuries, and without it, the 
harm would not have occurred. Id. at 799.
        In 
Lear Siegler, Inc. v. Perez, the Supreme Court found the Restatement 
(Second) of Torts to be instructive on this point:
  
In order to be [the proximate cause] of another's harm, it is not enough that 
the harm would not have occurred had the actor not been negligent. . . . [T]his 
is necessary, but it is not of itself sufficient. The negligence must also be a 
substantial factor in bringing about the plaintiff's harm.
 
819 
S.W.2d 470, 472 (Tex. 1991) (quoting 
Restatement (Second) of Torts § 431 cmt. a (1965)).  Cause in fact 
is not established where the defendant's negligence does no more than furnish a 
condition which makes the injuries possible.  Mason, 143 S.W.3d at 
799.  In other words, the conduct of the defendant may be too attenuated 
from the resulting injuries to the plaintiff to be a substantial factor in 
bringing about the harm. Id.
        The 
Supreme Court of Texas has addressed attenuation of the causal connection 
between conduct and liability in several cases.  See Mason, 
143 S.W.3d at 797-800 (holding discharge of plaintiff and her roommate from a 
mental hospital was not the proximate cause of plaintiff’s injuries sustained 
when the roommate suffered a psychotic episode while driving, swerved to avoid a 
dog, and flipped the vehicle in which plaintiff was a passenger); Union Pump 
Co. v. Allbritton, 898 S.W.2d 773, 774 (Tex. 1995) (holding defect in a pump 
was not the proximate cause of injuries to a worker who slipped in liquid used 
to extinguish flames when the pump caught fire); Lear Siegler, 819 S.W.2d 
at 471-72 (holding defect in a flashing arrow sign was not the proximate cause 
of injury to a Highway Department worker who stopped to examine malfunctioning 
sign and was struck by a driver who fell asleep at the wheel); Bell v. 
Campbell, 434 S.W.2d 117, 118-22 (Tex. 1968) (holding car wreck was not the 
proximate cause of injuries to individuals who were struck by another vehicle 
while clearing debris from first wreck).  These cases establish that merely 
creating the condition that makes harm possible falls short as a matter of law 
of satisfying the “substantial factor” test. Mason, 143 S.W.3d at 
800.  Thus we must determine whether American Eagle’s failure to provide 
wheelchair assistance to Rachal merely created the condition that made 
Rachal’s injury possible.
        Reviewing 
the evidence in the light most favorable to Rachal, the following sequence of 
events led to her injury: Rachal asked American Eagle for wheelchair 
assistance.  American Eagle failed to provide wheelchair assistance to 
Rachal within thirty minutes of her arrival at the airport terminal. Rachal 
decided to walk unassisted to the baggage claim area.  She stepped onto an 
escalator.  The escalator malfunctioned, causing Rachal to fall and suffer 
injuries.
        Rachal 
argues that American Eagle was negligent in failing to provide wheelchair 
assistance to her, but the immediate cause of her injury was the escalator 
malfunction.  Between American Eagle’s failure to provide wheelchair 
assistance and Rachal’s injury stand (1) Rachal’s decision to walk unaided 
to the baggage claim area and (2) the malfunctioning escalator.  American 
Eagle’s failure to provide wheelchair assistance was too attenuated from 
Rachal’s fall on the escalator to be a substantial factor in bringing about 
Rachal’s injury and merely created the condition that made her injury 
possible.
        American 
Eagle cites several cases from other jurisdictions where airlines failed to 
provide wheelchair assistance.  One case in particular merits discussion. 
In Glatfelter v. Delta Air Lines, Inc., Glatfelter requested wheelchair 
assistance from Delta. 558 S.E.2d 793, 796 (Ga. Ct. App. 2002). No wheelchair 
met Glatfelter when he deplaned.  Id.  After waiting for 
fifteen to twenty minutes, Glatfelter decided to walk to another 
concourse.  Id.  Glatfelter stepped onto an escalator.  Id.  
The crowd surged behind him and knocked Glatfelter down the escalator; 
Glatfelter broke his ankle.  Id. Glatfelter sued Delta for failing 
to provide wheelchair assistance.  Id. The trial court granted 
summary judgment in favor of Delta; Glatfelter appealed.  The court of 
appeals affirmed the summary judgment, holding that:
   
. . . Delta’s conduct could not be deemed the proximate cause of 
[Glatfelter’s] injuries because it was followed by other intervening events 
without which those injuries would not have occurred, i.e., the Glatfelters’ 
decision to walk to Concourse A; the Glatfelters’ failure to determine that an 
elevator was available; and the stranger’s bumping into Mr. Glatfelter.
 
Id. 
at 796-97. Just as in Glatfelter, Rachal’s injury followed other 
intervening events without which her injury would not have occurred, i.e., her 
decision to walk to the baggage claim area, her failure to determine that an 
elevator was available, and the escalator’s malfunction.
        We 
hold that American Eagle’s failure to provide wheelchair assistance to Rachal 
was not, as a matter of law, the cause in fact of her injury. American Eagle 
conclusively negated the essential element of proximate cause. American Eagle is 
therefore entitled to a traditional summary judgment on Rachal’s negligence 
claim.
Premises Liability
        We 
turn next to Rachal’s premises liability claim arising from the malfunction of 
the escalator. The essential elements of a premises liability claim are as 
follows:
  
(1) Actual or constructive knowledge of a condition on the premises by the owner 
or occupier;
 
(2) 
That the condition posed an unreasonable risk of harm;
 
(3) 
That the owner or occupier did not exercise reasonable care to reduce or 
eliminate the risk; and
 
(4) 
That the owner or occupier's failure to use such care proximately caused the 
plaintiff's injury.
  
CMH 
Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).  American 
Eagle’s no-evidence summary judgment motion challenged each of these elements.
        Rachal’s 
premises liability claim arises out of the alleged malfunction of the 
escalator.  The record, however, is utterly devoid of evidence tending to 
show American Eagle’s actual or constructive knowledge of any condition or 
defect in the escalator that posed an unreasonable risk of harm.  Rachal 
failed to raise a fact issue on the first element of her premises liability 
claim.  American Eagle is entitled to a no-evidence summary judgment on 
Rachal’s premises liability claim.
American Eagle’s Cross-Point
        By 
cross-point, American Eagle argues that the trial court erred by failing to 
grant an earlier summary judgment motion based on the statute of 
limitations.  Because we affirm summary judgment on other grounds, we need 
not address American Eagle’s cross-point.  See Tex. R. App. P. 47.1.
CONCLUSION
        We 
hold that (1) American Eagle’s failure to provide wheelchair assistance to 
Rachal was not a proximate cause of her injury, and (2) Rachal failed to raise a 
fact issue on an essential element of her premises liability claim.  We 
therefore overrule Rachal’s sole issue and affirm the trial court’s 
judgment.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
 
PANEL 
B:   LIVINGSTON, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
March 24, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.